**UNITED STATES of America, Plaintiff,**

v.

**Sid KLEINER, Defendant.**

**No. 86–12003–CR.**

United States District Court,
S.D. Florida,
Miami Division.

May 28, 1987.

David Lichter, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Michael Tarkoff, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND MOTION TO SUPPRESS

SPELLMAN, District Judge.

This CAUSE comes before the Court on Defendant's, SID KLEINER, Motion to Dismiss the Indictment in the above-named case and Motion to Suppress. Upon review of the Motions and the file in the case, it is hereby,

ORDERED AND ADJUDGED as follows:

■ 1) The Motion to Dismiss is DENIED. Defendant argues that the Indictment must be dismissed for two reasons: that Defendant was without the necessary scienter and that he was actively misled by the occurrences and representations of the Government. These arguments are without merit. First, this Court will not attempt to dignify Defendant's argument that he has been actively misled by the Government's conduct in failing to prosecute him for his previous possession of the tape "Kim & Kathy" in 1983. The Government did not prosecute Defendant Kleiner in 1983 because it was unclear at that time that the girls depicted in the tape were under the age of sixteen, as required for prosecution under the then existing law. To say that this conduct has "actively misled" the Defendant into believing that subsequent conduct regarding the tape was proper is engaging in foolery.

■ Second, "[t]o sustain a conviction on a charge of conspiracy to commit an offense against the United States the government must prove at least the degree of criminal intent necessary for the substantive offense." *United States v. Davis,* 583 F.2d 190, 192 (5th Cir.1978); *accord United States v. Beil,* 577 F.2d 1313, 1314-15 (5th Cir.1978). In this regard, the Court agrees with the Government that the knowledge requirement under 18 U.S.C. § 2252 is not, as the Defendant argues, whether the tape "Kim & Kathy" had been made using minors, but rather it is only the shipment or transportation of the sexually explicit material which must be knowing. The knowledge element does not concern the age of the child. The Court fully agrees with the analysis employed by the Eleventh Circuit in *United States v. Pruitt,* 763 F.2d 1256 (11th Cir.1985), wherein the court analogized the knowledge requirement of 21 U.S.C. § 845 to the White Slave Traffic Act and the Dyer Act, and is of the opinion that the same analogy applies to the knowledge requirement under 18 U.S.C. § 2252. In *Pruitt* the court stated:

> There appear to be no cases defining the "knowledge" requirement of Section 845. There is, however, a precise analogue to this statute, 18 U.S.C.A. § 2421 *et seq.* (White Slave Traffic Act), which prohibits the interstate transportation of persons in order to engage in immoral practices including prostitution, and which provides enhanced penalties for the knowing transportation of persons under the age of eighteen years. Under this statute, knowledge of the victim's age is *not an element* of the crime; the "knowing" component applies to the transportation itself. The same principle has been applied to 18 U.S.C.A. § 2315, which prohibits the knowing receipt of stolen goods moving in interstate commerce: the "knowing" applies solely to the receipt of stolen goods; it is not necessary to demonstrate that the accused knew the goods were moving in interstate commerce. Similarly, under 18 U.S.C.A. § 2313 (Dyer Act), which prohibits the knowing receipt of stolen cars that have

been transported in interstate commerce, it is not necessary to demonstrate that the accused knew that the cars had been transported in interstate commerce.

*Id.* at 1262 (citations omitted).

2) Defendant's Motion to Suppress is DENIED. Defendant argues that the videotape "Kim & Kathy" and other evidence seized from the Defendant's home be suppressed for two reasons. First, Defendant argues in a Motion to Suppress that the information relied upon for probable cause in the affidavit in the case was stale and, as such, was insufficient to establish probable cause. In a Supplement to Motion to Suppress, Defendant argues that the warrant fails the "particularity test." The Court finds both arguments to be without merit.

■ First, upon a review of the affidavit filed in the case, the Court is of the opinion that it contains sufficient information regarding the idiosyncrasies of pedophiles which undoubtedly was taken into consideration by the Magistrate issuing the warrant, along with the question regarding timeliness. It is elementary that a Magistrate's determination that probable cause exists is conclusive absent any indication of arbitrariness. *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir.1984). There simply is no showing by the Defendant of arbitrariness on the record before the Court.

■ Second, Defendants rely on a recent case from the First Circuit for their argument that the warrant fails the "particularity test." The case is *United States v. Diamond*, No. 86–1380 (1st Cir. January 14, 1987). In *Diamond* the court affirmed a district court's finding that a certain paragraph of a warrant which allowed the officers conducting the search to seize tapes of "children under the age of 18 years" violated the particularity requirement because it vested the officers with discretion that could lead to the seizure of constitutionally protected videotapes employing young-looking adults. *Id.* at 3. Because the court agreed with the majority of jurisdictions that a constitutional defect in a part of a warrant does *not* require a blanket invalidation of the entire warrant, the court remanded the case back to the district court to allow the district court the opportunity to determine whether the portions of the warrant authorizing the seizure of other materials are drafted with particularity and supported by probable cause. *Id.* at 12–13. The court also noted that "a warrant listing titles or specific descriptions of particular films" would pass constitutional muster. *Id.* at 8.

Upon a review of the warrant in this case, this Court finds that the particularity test is satisfied. First of all, the "Kim & Kathy" tape is identified by title, and would pass constitutional muster under *Diamond*. Second, the Court agrees with the Government that any other material that defendant seeks to suppress would not involve the type of problems that the *Diamond* court addressed in its opinion.[1]

---

1. The Court additionally notes that the panel opinion in *Diamond* has been vacated and a rehearing *en banc* granted, thereby terminating its precedential effect. *See* Editor's Note, 808 F.2d 923 (indicating that the panel opinion in *Diamond*, published in the advance sheet at 808 F.2d 922–30, was withdrawn from the bound volume because a rehearing *en banc* was granted and the panel opinion vacated).