**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles James THOMAS,
Defendant–Appellant.**

No. 88–5325.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1989.

Decided Jan. 10, 1990.

Ezekiel E. Cortez, Aaron & Cortez, San Diego, Cal., for defendant-appellant.

Bruce R. Castetter and Joan P. Weber, Asst. U.S. Attys., San Diego, Cal., for plaintiff-appellee.

Before HUG, HALL and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Charles James Thomas appeals his conviction in a jury trial for three counts of violating the federal child pornography statutes, 18 U.S.C. §§ 2251–2252 (Supp. V 1987).[1] We have jurisdiction under 28 U.S.C. § 1291 (1982). We affirm.

## BACKGROUND

From the evidence presented at trial, the jury could properly have found the following facts: In December 1986, Clark Color Laboratories (Clark), a mail order photo developing company in Maryland, received several rolls of film for developing in an envelope bearing a San Ysidro, California post office box return address. When Clark developed and printed these rolls, it found them to contain images of a girl approximately thirteen years old, engaged in sex acts with an adult male. Clark turned the negatives and prints over to the Postal Service, which conducted a controlled delivery to the San Ysidro post office. Postal inspectors arrested Thomas when he picked up the film. The inspectors subsequently found evidence linking Thomas to having shot and mailed, as well

---

[1]. In 1988, Congress amended these sections. *See* 18 U.S.C.S. §§ 2251–2252 (Supp.1989). In this opinion all references are to the version of these sections in effect at the time of Thomas' conduct.

as to having received the film. Thomas was readily identifiable as the adult male in the pictures on whom the young girl was performing sex acts; pictures of Thomas' wife were interspersed with the pictures of the young girl and Thomas; Thomas possessed a blanket that appeared in some of the pictures; and the post office box to which the film was sent was registered to Thomas.

The jury convicted Thomas of engaging a minor in sexually explicit conduct for the purpose of creating a visual depiction of that conduct in violation of section 2251(a), transporting or mailing obscene material in violation of section 2252(a)(1), and receiving obscene material in violation of section 2252(a)(2).

## I. Extraterritorial Application of Section 2251(a)

Thomas contends that the prosecution's failure to introduce any evidence at trial that Thomas shot the pictures of himself and the young girl in the United States requires reversal of his conviction for violating section 2251(a). Thomas argues that if he committed these acts, he did so in Mexico and section 2251(a) does not apply to extraterritorial acts. We review this question of law de novo. *United States v. Endicott*, 803 F.2d 506, 514 (9th Cir.1986).

Section 2251(a) provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

The commerce clause grants Congress the power to enact this penal statute. Congress may apply its penal statutes to extraterritorial acts unless such application would violate due process. *United States v. Pinto–Mejia*, 720 F.2d 248, 259 (2d Cir. 1983), *modified on other grounds*, 728 F.2d 142 (2d Cir.1984); *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326, 1334 (2d Cir.1972). Thomas does not contend that application of section 2251(a) to him denies him due process and there is no indication that it does. Whether 18 U.S.C. § 2251(a) applies to Thomas' extraterritorial acts is, therefore, a question of statutory interpretation. *See Blackmer v. United States*, 284 U.S. 421, 437, 52 S.Ct. 252, 254, 76 L.Ed. 375 (1932).

Section 2251(a) does not explicitly state that it applies to conduct outside the United States. *Cf., e.g.*, 21 U.S.C. § 959 (1982) (statute banning manufacture and distribution of controlled substances by its terms "is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States"). But "[t]he exercise of [extraterritorial power] may be inferred from the nature of the offenses and Congress' other legislative efforts to eliminate the type of crime involved." *United States v. Baker*, 609 F.2d 134, 136 (5th Cir.1980). In *Baker*, the court construed 21 U.S.C. § 841(a)(1) (1982), proscribing possession of controlled substances with intent to distribute. This statute does not explicitly state that it applies to extraterritorial conduct. The court held that it applies to possession outside the three mile limit of the United States' territorial waters if the defendant clearly intended to distribute the substances within the United States. The court noted that "[t]he power to control efforts to introduce illicit drugs into the United States from the high seas and foreign nations is a necessary incident to Congress' efforts to eradicate all illegal drug trafficking." *Id.* at 137.

Similarly in this case, Congress has created a comprehensive statutory scheme to eradicate sexual exploitation of children. *See* 18 U.S.C. §§ 2241–2257. As part of that scheme, Congress has proscribed the

transportation, mailing, and receipt of child pornography. Punishing the creation of child pornography outside the United States that is actually, is intended to be, or may reasonably be expected to be transported in interstate or foreign commerce [2] is an important enforcement tool. We, therefore, believe it likely that under section 2251(a) Congress intended to reach extraterritorial acts that otherwise satisfy the statutory elements.

█ Before concluding that section 2251(a) applies to Thomas' extraterritorial acts, however, we consider whether such application would violate international law. Although Congress is not bound by international law in enacting statutes, *United States v. Aguilar*, 883 F.2d 662, 679 (9th Cir.1989); *Pinto–Mejia*, 720 F.2d at 259; *Leasco*, 468 F.2d at 1334, out of respect for other nations, courts should not unnecessarily construe a congressional statute in a way that violates international law. *See, e.g., Chua Han Mow v. United States*, 730 F.2d 1308, 1311 (9th Cir.1984), *cert. denied*, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *United States v. Aluminum Co. of America*, 148 F.2d 416, 443–44 (2d Cir.1945).

█ International law permits a country to apply its statutes to extraterritorial acts of its nationals. *United States v. King*, 552 F.2d 833, 851 (9th Cir.1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); Restatement (Second) of Foreign Relations Law of the United States § 30(1)(a). In this case counsel conceded at oral argument that Thomas is an American national. We, therefore, conclude that section 2251(a) applies to the acts on which Thomas' conviction for violating this section was based, whether or not Thomas committed those acts in the United States.

## II. Sufficiency of the Indictment

Thomas claims that counts two and three of the indictment on which he was tried [3] are insufficient to support convictions for violations of sections 2252(a)(1) and 2252(a)(2) because these counts do not allege that he knew that the pornography he transported and received depicted a minor. Thomas also contends that count two of the indictment is insufficient because it failed to allege that he knowingly mailed the pornography. We review the sufficiency of an indictment de novo. *See United States v. Normandeau*, 800 F.2d 953, 958 (9th Cir. 1986).

**2.** "Foreign commerce" is commerce between the United States and a foreign nation. *See Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 193, 6 L.Ed. 23 (1824) (congressional power to regulate foreign commerce "comprehend[s] every species of commercial intercourse between the United States and foreign nations").

**3.** The indictment provides:
The grand jury charges:

**COUNT ONE**
In [sic] or about January 1987, within the Southern District of California, defendant CHARLES JAMES THOMAS, did employ, use, persuade, induce, entice and coerce a minor child with the intent that such minor engage in sexually explicit conduct, to wit, sexual intercourse, including genital-genital and oral-genital, and lascivious exhibition of the genitals and pubic area, for the purpose of producing visual depictions of such conduct, specifically photographs, defendant CHARLES JAMES THOMAS then knowing or having reason to know that such visual depictions would be transported in interstate or foreign commerce or mailed; in violation of Title 18, United States Code, Section 2251(a).

**COUNT TWO**
On or about December 1, 1987, in the Southern District of California, defendant CHARLES JAMES THOMAS transported in interstate and foreign commerce and mailed visual depictions, to wit, undeveloped film, the production of such visual depictions involved the use of a minor child engaged in sexually explicit conduct, to wit, sexual intercourse, including genital-genital and oral-genital, and lascivious exhibition of the genitals and pubic area; in violation of Title 18, United States Code, Section 2252(a)(1).

**COUNT THREE**
On or about January 22, 1988, in the Southern District of California, defendant CHARLES JAMES THOMAS did knowingly receive visual depictions, to wit, photographs that had been transported in interstate and foreign commerce and mailed, the production of such visual depictions involved the use of a minor child engaged in sexually explicit conduct, to wit, sexual intercourse, including genital-genital and oral-genital, and lascivious exhibition of the genitals and pubic area; in violation of Title 18, United States Code, Section 2252(a)(2).

### A. Knowledge of the Victim's Age in Counts Two and Three

■ The government was not required to allege that Thomas knew the victim was a minor. Section 2252(a) provides:

(a) Any person who—

(1) knowingly transports or ships in interstate or foreign commerce or mails, any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct; or

(2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

In subsection 1, "knowingly" modifies only "transports or ships." In subsection 2, "knowingly" modifies only "receives." The section, therefore, does not require that Thomas knew that the pornography he transported, mailed, and received involved a minor. The section requires only that Thomas knowingly transported and received the material. *Cf. United States v. United States Dist. Court for the Central Dist. of Cal.*, 858 F.2d 534, 537–38 (9th Cir.1988) (section 2251(a)'s wording and legislative history make clear that it does not require knowledge of the child's age).

### B. Knowledge of Mailing in Count Two

■ Count two of the indictment on which Thomas was tried does not charge that Thomas *knowingly* transported or mailed the pornography; the count charges only that Thomas transported and mailed the pornography. Thomas argues that because section 2252(a)(1) prohibits only the knowing shipment of child pornography, he could not properly be convicted for violating that section based on count two of the indictment. We reject this argument.

The purpose of an indictment is to "state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases." *Normandeau*, 800 F.2d at 958. To determine whether the indictment sufficiently apprised Thomas of the charge against him, we read the indictment in its entirety and construe it according to common sense. *Id.* Count one charged Thomas with producing child pornography "knowing ... that such visual depictions would be transported ... or mailed." Count two charged Thomas with actually transporting and mailing such depictions. Read together and construed according to common sense, these two counts sufficiently state that Thomas could be convicted on count two only for an act done knowingly. Indeed, Thomas does not contend that the apparent deficiency in the indictment left him unaware of the charge against him in count two or unable to prepare an adequate defense on that count.

### III. Prior Bad Acts

■ Thomas contends that the district court violated Federal Rules of Evidence 403 and 404(b) by admitting evidence of his two previous convictions for sexually molesting young girls. Rule 404(b) in certain circumstances prohibits the introduction of evidence of prior crimes. Rule 403 prohibits the admission of evidence if the danger of unfair prejudice from that evidence substantially outweighs its probative value. We review for abuse of discretion a district court's decision to admit evidence under Rules 404(b) and 403. *United States v. Feldman*, 788 F.2d 544, 557 (9th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987).

Thomas filed a pretrial motion *in limine* in which he claimed that the government

must prove that he had actual knowledge that the girl in the photos was a minor. The trial court granted this motion. The admission of the previous conviction evidence was relevant to show that Thomas had actual knowledge that the girl in the photos was a minor. Rule 404(b) specifically allows the introduction of evidence of the defendant's prior bad acts to prove knowledge. *See United States v. McKoy,* 771 F.2d 1207, 1213 (9th Cir.1985).

Thomas now argues inconsistently with his motion *in limine* that the prosecution did not have to prove that he had actual knowledge that the girl in his photos was a minor. Therefore, Thomas concludes, his previous convictions were not relevant to any legitimate issues in his trial and should have been excluded.

It is true that following Thomas' trial, this court ruled that section 2251(a) does not require proof of knowledge of the victim's age although reasonable mistake of the victim's age is an affirmative defense. *United States Dist. Court,* 858 F.2d at 538. But we will not review for error a ruling that Thomas invited. *United States v. Benny,* 786 F.2d 1410, 1416 (9th Cir.), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986); *United States v. Alexander,* 695 F.2d 398, 402 (9th Cir.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1337 (1983).

Thomas also contends that in deciding to admit evidence of his prior convictions, the district court never engaged in the balancing required by Rule 403. Thomas apparently bases this contention on the district court's failure to state on the record that Rule 403 did not preclude admission of the evidence. But a district court need not mechanically recite Rule 403's requirements before admitting evidence. *United States v. McCollum,* 732 F.2d 1419, 1425 (9th Cir.), *cert. denied,* 469 U.S. 920, 105 S.Ct. 301, 83 L.Ed.2d 236 (1984).

We conclude based upon our review of the record that the district court did consider Rule 403's requirements and acted within its discretion in finding that Rule 403 did not preclude admission of Thomas' prior conviction evidence. For example, the dis-

trict court stated that it had read the motions in which Thomas argued that Rule 403 prohibited admitting the evidence. Thomas' attorney verbally objected to the court's admitting the evidence, citing the possibility of unfair prejudice. The district court also gave the jury a limiting instruction when admitting the evidence and, again, at the close of trial—demonstrating the court's sensitivity to the potential of unfair prejudice.

### IV. Statute of Limitations

Thomas argues that the government failed to establish that he violated section 2251(a) within the five-year limitation period of 18 U.S.C. § 3282 (1982). We review the evidence in the light most favorable to the government to determine whether a rational jury could have found beyond a reasonable doubt that Thomas committed the offense within the five-year period. *See United States v. Michaels,* 796 F.2d 1112, 1118 (9th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987).

We find that there was sufficient evidence. It was undisputed that the film was mailed in December 1986. It was also undisputed that Thomas had been incarcerated from March 1979 until 1984. A reasonable jury could have properly inferred from this circumstantial evidence that Thomas shot the pictures between 1984 and December 1986, well within the five-year statute of limitations.

### V. Jury Instructions

Finally, we reject Thomas's contention that the district court committed reversible error when it instructed the jury that Thomas could be found to have "knowingly transport[ed] or mail[ed]" the pornographic material if he simply caused that material to be mailed. We review this question of law de novo. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

The district court's instruction was a correct application of the principles contained in 18 U.S.C. § 2(b) (1982). This statute

provides: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." This statute is applicable to the entire federal criminal code, *United States v. Jones*, 678 F.2d 102, 105 (9th Cir.1982), and is implicitly included in every federal indictment, *Michaels*, 796 F.2d at 1118.

The judgment of the district court is AFFIRMED.