**UNITED STATES of America, Plaintiff,**

**v.**

**Clay William LONG, Defendant.**

**Crim. A. No. 92–00139–L(CS).**

United States District Court,
W.D. Kentucky,
Louisville Division.

March 25, 1993.

Terry Cushing, Asst. U.S. Atty., Louisville, KY, for plaintiff.

Frank E. Haddad, Jr., Patrick J. Renn, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on the following motions of defendant, Clay Long: (1) motion for a bill of particulars; (2) motion to dismiss the indictment; (3) motion to dismiss the indictment and suppress evidence; (4) motion to suppress evidence and for return of property; and (5) motion to exclude expert evidence.

Long has been indicted in a three-count indictment charging him with violating child pornography laws. Count 1 alleges that Long knowingly received two videotapes, "Keyhole Teens" and "Teenage Pleasures," in violation of 18 U.S.C. § 2252(a)(2). Count 2 alleges that Long knowingly received the two videotapes with knowledge that they had been imported to the United States contrary to law in violation of 18 U.S.C. § 545 and 19 U.S.C. § 1305. Count 3 alleges that Long knowingly possessed more than three books, magazines, periodicals, or videotapes of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

As a threshold matter, we address Long's motion to dismiss the indictment because it is premised on his contention that certain provisions of the Protection of Children Against Sexual Exploitation Act of 1977 (the "Act"), 18 U.S.C. § 2251 et seq., under which he has been charged in Counts 1 and 2, are unconstitutional. Specifically, Long contends that §§ 2252 and 2256 violate the First and Fifth Amendments to the United States Constitution. First, Long contends that § 2252 violates these amendments because it does not require the government to prove that the accused know the visual depictions involve persons under eighteen years of age. Second, Long contends that certain 1984 amendments to § 2256 are overbroad and vague.

584

## I

Long challenges the constitutionality of § 2252, contending that the provision is facially invalid because it lacks the requisite scienter element. According to Long, § 2252 does not require the government to prove that the accused knew that the materials were child pornography. The United States concedes that if Long's interpretation was correct and § 2252 was devoid of a scienter requirement, Long's contentions regarding the statute's facial validity would be correct. However, the United States contends that § 2252 should be interpreted as containing the requisite scienter element.

The two relevant sections of § 2252 provide that:

(a) Any person who—

\* \* \* \* \* \*

(2) knowingly receives or distributes any visual depiction that has been mailed or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce by any means including by computer or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

\* \* \* \* \* \*

(4) either—

\* \* \* \* \* \*

(B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials

18 U.S.C. § 2252(a)(2) and (a)(4)(B)

The Supreme Court has held that a statute prohibiting the distribution of printed or taped materials which does not require some knowledge of contents of the material violates the First and Fifth Amendments of the United States Constitution. In *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), the Court addressed First and Fifth Amendment challenges to a Los Angeles ordinance which made it unlawful for a bookseller to possess an obscene book. The state municipal court had interpreted the ordinance as devoid of any scienter element. Thus, as interpreted by the state court, the ordinance imposed strict liability on any bookseller for possession of obscene books regardless of whether he or she had any knowledge of the contents of the books.

The Court struck down the Los Angeles ordinance after concluding that strict liability would tend to seriously restrict the dissemination of non-obscene materials.

By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, he will tend to restrict the books he sells to those he has inspected; and thus the State will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature.

*Id.* at 153, 80 S.Ct. at 218.

Although the *Smith* Court held that the Los Angeles ordinance was not constitutionally valid, it did not address what level of scienter would render such a statute constitutional. *Id.* at 154, 80 S.Ct. at 219. The Court explained that it need only consider the validity of a statute which eliminates *all* mental elements, and need not pass on what mental element would be required to render the prosecution of a bookseller for carrying obscene books constitutionally permissible. *Id.* at 154–55, 80 S.Ct. at 219.

Fifteen years later, in *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court had an opportunity to address the level of scienter required for violations of the federal obscenity statute, 18 U.S.C. § 1461, which makes it a crime to mail obscene materials. The petitioners argued that § 1461 required the government to prove that they knew the materials mailed were obscene. *Id.* at 119, 94 S.Ct. at 2908. The Court rejected this contention, concluding that:

> [i]t is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law. Such a formulation of the scienter requirement is required neither by the language of 18 U.S.C. § 1461 nor by the Constitution.

*Id.* at 123–24, 94 S.Ct. at 2910–11 (emphasis added). Therefore, the Supreme Court held that § 1461 did not require defendants to know the legal status of the materials, but did require them to know their general character and nature. *Id.* at 123, 94 S.Ct. at 2910.

The Supreme Court has held that child pornography laws, like obscenity laws, must contain some element of scienter on the part of the defendant. *New York v. Ferber*, 458 U.S. 747, 765, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982). Neither the Sixth Circuit nor the Supreme Court has had an opportunity to interpret § 2252 and determine what level of scienter it requires or what level of scienter would be constitutionally acceptable. At least one circuit has held, however, that § 2252 contains a scienter requirement similar to that in § 1461. For example, in *United States v. Knox*, 977 F.2d 815 (3d Cir.1992), the Court of Appeals for the Third Circuit looked to the Supreme Court's interpretation of § 1461 to construe the scienter element of § 2252. Addressing the argument that § 2252 required the de-

fendant to know the materials were illegal, the court concluded that:

> [i]t would be ironic to construe the same word, knowingly, in the analogous child pornography law as more lenient to criminal defendants since the purpose for enacting the child pornography statute was to create more stringent regulation for child pornography than already existed through the generally applicable obscenity laws. *Therefore, to fulfill the knowledge element of § 2252, a defendant simply must be aware of the general nature and character of the material and need not know that the portrayals were illegal.* (citations omitted).

*Id.* at 825 (emphasis added).

Long relies upon a recent Ninth Circuit case, *United States v. X–Citement Video, Inc.*, 982 F.2d 1285 (9th Cir.1992), which held that § 2252 was unconstitutional on its face because it lacked a scienter element. To our knowledge, this Ninth Circuit case is the only case to construe § 2252 as lacking the level of scienter necessary to pass constitutional muster. In *X–Citement Video*, the Ninth Circuit relied upon an earlier case, *United States v. Thomas*, 893 F.2d 1066 (9th Cir.), *cert. denied*, 498 U.S. 826, 111 S.Ct. 80, 112 L.Ed.2d 53 (1990), in which it had held that § 2252 does not require knowledge that the material involves a minor or any knowledge of the contents of the material. 982 F.2d at 1289–90. The *X–Citement Video* court concluded that it was bound by *Thomas'* holding that § 2252 does not contain any element of scienter requiring knowledge that the materials were child pornography. *Id.* at 1290.

The *X–Citement* court then determined "that the constitutional minimum requirement of scienter for the Act's proscription of transporting or receiving child pornography is knowledge that at least one of the performers is under age 18." *Id.* at 1291. The court concluded that "the First Amendment mandates that a statute prohibiting the distribution, shipping or receipt of child pornography require knowledge of the minority of the performers as an element of the crime it defines." *Id.* Because § 2252, as interpreted in *Thomas*, did not require any such

element, the *X–Citement* court held that § 2252 was facially invalid. *Id.* at 1292.

The Ninth Circuit adhered to a strict grammatical interpretation of § 2252 to conclude that the statute lacks the requisite scienter. The relevant language of § 2252(a) provides that "any person who *knowingly receives*, ... any visual depiction ... which contains materials ..., if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct ..." is criminally liable. In *Thomas*, the Ninth Circuit, concluded that "knowingly" modifies only "receives" and, thus, does not require knowledge that the visual depictions involve the use of minors. Although this interpretation may be correct grammatically, we do not think it is reasonable or consistent with principles underlying constitutional interpretation of statutes and our obligation to construe statutes to avoid unconstitutionality if possible. *Osbourne v. Ohio*, 495 U.S. 103, 118, 110 S.Ct. 1691, 1701, 109 L.Ed.2d 98, 114 (1990).[1]

■ We find the Supreme Court's interpretation of § 1461 instructive in our interpretation of § 2252. Section 1461 defines certain nonmailable—*i.e.,* obscene—matter and provides, in pertinent part, that "[w]hoever *knowingly* uses the mails for the mailing, ... of anything declared to be nonmailable, ..." is criminally liable. 18 U.S.C. § 1461 (emphasis added). Similarly, § 2252(a)(2) provides, in pertinent part, that "any person who *knowingly* receives ... any visual depiction ... involv[ing] the use of a minor engaging in sexually explicit conduct...." Although the petitioners in *Hamling* did not contend that § 1461 was completely lacking in scienter, the Supreme Court, as did the Ninth Circuit with § 2252, could have interpreted "knowingly" in § 1461 as modifying "uses the mails" and not requiring any knowledge that the material mailed was "nonmailable." Rather than embracing this literal interpretation, however, the Su-

preme Court sensibly interpreted § 1461 as requiring the government to prove that the defendant had knowledge of the nature and content of the materials. *Hamling*, 418 U.S. 87, 94 S.Ct. 2887. Because of the similarity between § 1461 and § 2252, we conclude that it is reasonable and proper to construe § 2252 as containing a scienter element equivalent to § 1461, which gives § 2252 a constitutionally adequate scienter requirement.

We conclude that § 2252(a)(2) and (a)(4)(B) require the government to prove that the defendant knew of the nature and content of the materials received or possessed. In other words, the defendant must know that the materials contain visual depictions involving the use of performers under eighteen, the age of minority as defined by § 2252 of the Act. The defendant need not know, however, the exact age of any minor in the visual depictions.

Therefore, we hold that the statute is not facially invalid under the First and Fifth Amendments and hold that the indictment adequately alleges knowledge consistent with our interpretation of § 2252.

## II

Long also contends that the Act's definitional section renders the Act unconstitutionally vague and overbroad. As amended in 1984, the definitional section of the Act, § 2256, provides that:

(1) "minor" means any person under the age of 18 years;

(2) "sexually explicit conduct" means actual or simulated—

    (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sexes;

    (B) bestiality;

    (C) masturbation;

---

1. Even the Ninth Circuit appeared to reach this conclusion prior to its decision in *Thomas*. One year before *Thomas*, the Ninth Circuit decided *United States v. Moncini*, 882 F.2d 401 (9th Cir. 1989). The defendant argued that § 2252 required the government to prove he knew that mailing the materials was illegal under federal law. In rejecting this argument, the court explained that § 2252 requires the government to prove that the defendant had knowledge of the nature of the contents of the visual depictions, and knowledge of the illegality of mailing child pornography is not an element of the offense.

(D) sadistic or masochistic abuse; or

(E) lascivious exhibition of the genitals or pubic area of any person; ....

The relevant 1984 amendments included (1) raising the age of minor from sixteen to eighteen; (2) substituting "sadistic or masochistic" for "sado-masochistic;" (3) striking the words "for the purpose of sexual stimulation" after "abuse;" and (4) substituting "lascivious" for "lewd." Long contends that (1) the term "minor" is vague and overbroad because it is defined to mean persons under eighteen years of age; (2) the term "lascivious" is vague and overbroad because the statute originally contained the term "lewd" instead of "lascivious;" (3) the terms "actual" or "simulated," "bestiality," "masturbation," "sadistic," "masochistic," or "abuse" are vague and overbroad because they are not further defined in the statute and that including simulated conduct as well as actual conduct renders it "impossible to determine a precise meaning of these terms." [Defendant's Memorandum in Support of Motion to Dismiss Indictment, pp 9–10].

When a federal statute is challenged as overbroad, federal courts should construe the statute to avoid constitutional problems if possible. *New York v. Ferber,* 458 U.S. 747, 769 n. 24, 102 S.Ct. 3348, 3361 n. 24, 73 L.Ed.2d 1113 (1982). A statute should be invalidated for overbreadth only as a last resort, and any overbreadth of a statute must be substantial before a statute is invalidated on its face. *Id.* at 769, 102 S.Ct. at 3361.

A statute will be invalidated for vagueness only if it does not define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *511 Detroit Street, Inc. v. Kelley,* 807 F.2d 1293, 1295 (6th Cir.1986) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). "A statutory provision will not suffer constitutional invalidation merely because of a lack of complete precision." *United States v.*

*Marks,* 364 F.Supp. 1022, 1026 (E.D.Ky. 1973). To avoid constitutional invalidation, the statute must simply convey adequate warning of the proscribed conduct.

Long has not cited any authority to support his contentions that the definitions contained in § 2256 render the Act unconstitutional.[2] We are not persuaded by Long's unsupported contentions. *First,* we do not believe that raising the age of minor from sixteen to eighteen creates any unconstitutional vagueness or overbreadth. *Second,* we find that the terms "lascivious" and "lewd" are synonymous and, thus, substitution of "lascivious" for "lewd" does not increase the sweep of the Act or make the range of proscribed conduct undeterminable. Moreover, the Supreme Court has upheld the use of the term "lascivious" in the obscenity context. *Hamling,* 418 U.S. at 111, 94 S.Ct. at 2904. *Finally,* we reject the lack of definition arguments. We find no infirmity in the inclusion of simulated as well as actual acts. Nor do we find any infirmity in the lack of definitions for "bestiality," "masturbation," "sadistic," "masochistic," or "abuse." The ordinary meaning of these words gives adequate notice of the conduct proscribed by the Act and do not unconstitutionally expand the scope of the Act. Therefore, we hold that none of the amendments to § 2256 are unconstitutionally vague or overbroad.

Accordingly, we will deny Long's motion to dismiss the indictment and will refer Long's other motions to a magistrate judge.

**2.** However, in *X–Citement Video,* the case upon which Long relies for invalidating § 2252, the

court addressed similar arguments concerning § 2256 and rejected them all.