**UNITED STATES of America, Plaintiff,**

v.

**Jon A. KEMPTON, Defendant.**

**No. 92–10033–01.**

United States District Court,
D. Kansas.

June 2, 1993.

Kim Fowler, Wichita, KS, for plaintiff.

Jeff Griffith, Derby, KS, for defendant.

### *MEMORANDUM AND ORDER*

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss. Doc. 36. Defendant seeks dismissal of the charges brought against him, arguing that the statute he is accused of violating is unconstitutional. Defendant pleaded guilty to a superseding information (Doc. 24) charging him with six counts of receiving child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(2)(A), (B) and (a)(4)(B). Defendant subsequently sought to withdraw his plea on the grounds that the Ninth Circuit Court of Appeals recently held section 2252 to be unconstitutional on its face. *See United States v. X–Citement Video, Inc.,* 982 F.2d 1285 (9th Cir.1992). The court heard oral argument on April 2, 1993. The court has since allowed the defendant to withdraw his plea.

The statute at issue here provides in pertinent part:

Any person who—

(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

(2) knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce by any means including by computer or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

. . . .

(4) . . .

. . . .

(B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

(i) if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a).

As noted by the dissent in *Jacobson v. United States,* —— U.S. ——, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), an entrapment case, section 2252(a)(2) does not require proof of specific intent to break the law, but instead requires only the knowing receipt of visual depictions produced by using minors engaged in sexually explicit conduct. *Id.* at ——, 112 S.Ct. at 1546 (O'Connor, J., dissenting).

Defendant argues that the statute is unconstitutional because it does not require as an element of the offense some level of scienter or knowledge of the minority of one or more of the participants depicted in the materials.

The Supreme Court of the United States has addressed state laws aimed at eradicating child pornography in several cases. In *New York v. Ferber,* 458 U.S. 747, 764, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982), the Supreme Court recognized child pornography as a category of material outside the protection of the First Amendment, regardless of whether the material was obscene under the test of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The Court also noted that criminal responsibility could not be imposed "without some element of scienter on the part of the defendant." *Ferber,* 458 U.S. at 765, 102 S.Ct. at 3359.

In *Osborne v. Ohio,* 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), the Supreme Court appeared to answer the question of what level of scienter was sufficient. The Court held that, given the gravity of the State's interest in protecting children, the State could constitutionally proscribe the mere possession of child pornography. 495 U.S. at 110, 110 S.Ct. at 1697. The Supreme Court rejected in a footnote the defendant's contention that the statute was unconstitutionally overbroad because it applied in instances where viewers or possessors lacked scienter. The statute defining the offense did not specify a mental state. The Court noted that an Ohio law provides that recklessness is the appropriate mens rea when a statute "neither specifies culpability nor plainly indicates a purpose to impose strict liability." *Id.* at 1699 n. 9, 110 S.Ct. at 1698 n. 9 (quoting Ohio Rev.Stat.Ann. § 2901.-21(B) (1987)). The Supreme Court held that the Ohio default statute, which specifies recklessness when another statutory provision lacks an intent specification, "plainly satisfies the requirement laid down in *Ferber* that prohibitions on child pornography include some element of scienter." *Id.* at 115, 110 S.Ct. at 1699.

The Tenth Circuit has had several opportunities to review convictions under the federal child pornography statutes. The most relevant for present purposes is *United States v. Garot*, 801 F.2d 1241 (10th Cir. 1986). In *Garot*, the Tenth Circuit discussed the admission of "other acts" evidence in a prosecution for mailing obscene matter and for receipt of materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252. The defendants/appellants were arrested following a controlled delivery of a package containing child pornography which had been intercepted by the United States Customs Service. The "other acts" evidence, *see* Fed.R.Evid. 404(b), consisted of various items of child pornography found in the appellants' home pursuant to a search warrant. In discussing whether the trial court erred in admitting the other acts evidence, the Tenth Circuit stated:

> We agree with the Government's position that the exhibits were vital to proof of appellants' knowledge of the contents of the package and their intent on its receipt as well as to proof of the absence of mistake in the controlled delivery. Moreover, Exhibits No. 2 and No. 4 were particularly relevant to proof of *scienter* as required under 18 U.S.C. §§ 1462 [importation or transportation of obscene matters] and 2252 for offenses involving certain activities related to sexual exploitation of minors, because they show previous interest in child pornography.

801 F.2d at 1247. The Tenth Circuit recognized, albeit in a context different from the case before this court, that some form of scienter—i.e., knowledge of the contents of the materials—was an element of the offense defined by section 2252.

This general discussion aside, the court turns to the issue raised by the defendant in his motion—whether section 2252(a) is unconstitutional because it lacks, as an element of the offense, a requirement that the defendant know of the minority of the performers.

In *United States v. Thomas*, 893 F.2d 1066 (9th Cir.), *cert. denied*, 498 U.S. 826, 111 S.Ct. 80, 112 L.Ed.2d 53 (1990), the Ninth Circuit held that the word "knowingly" used in subsections 1 and 2 of section 2252(a) modified only the phrase "transports or ships" in subsection 1 and the word "receives" in subsection 2. The Ninth Circuit held that section 2252(a) did not require knowledge of the minority of the subjects depicted in the material. *Thomas*, 893 F.2d at 1070.

In *United States v. X–Citement Video, Inc.*, 982 F.2d 1285 (9th Cir.1992), the Ninth Circuit declared section 2252 unconstitutional on its face because the statute fails to require knowledge of the minority of one or more of the persons depicted in the materials. The panel majority held "that the First Amendment to the United States Constitution mandates that a statute prohibiting the distribution, shipping or receipt of child pornography require as an element knowledge of the minority of at least one of the performers who engage in or portray the specified conduct. Section 2252, as authoritatively construed by *Thomas*, does not so require. As a result, section 2252 is unconstitutional on its face." *X–Citement Video*, 982 F.2d at 1292.

Judge Kozinski filed an opinion dissenting in part. *Id.* at 1292–97. He noted that there was no dispute that child pornography cannot be a strict liability offense. *Id.* at 1295. Relying on *Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990), Judge Kozinski would have engrafted a reckless state of mind requirement onto the statute, since recklessness is a sufficient mental state to support a conviction in a child pornography case. Judge Kozinski wrote:

> Statutes often fail to specify mental states for each element of the criminal offense, and courts routinely read scienter into a statute even absent constitutional considerations. In *Kantor* [*United States v. United States District Court*, 858 F.2d 534 (9th Cir.1988) ], we grafted an affirmative defense of reasonable mistake of age onto the statute, something far more exotic than just reading in a mental state element. Having determined under *Ferber* and *Osborne* that the federal child pornography statute is constitutional if only it includes a mens rea requirement, I would pose the same question here as we did in *Kantor*: Would Congress, if given the choice, have passed section 2252(a) with a

recklessness requirement as to the age of the minor, or not passed it at all? To pose the question is to answer it. Congress quite clearly viewed child pornography as an extremely grave problem, one deserving sweeping prohibitions and strict sanctions. It is inconceivable that, given the choice between no statute at all and a statute that contains a requirement of recklessness, those involved in passing the child pornography statute would have chosen the former rather than the latter.

*X–Citement Video*, 982 F.2d at 1296–97 (Kozinski, J., dissenting in part) (citations omitted).

Unlike the situation presented in *Osborne*, there is no comparable federal statute providing a reckless state of mind requirement when the scienter element is not specified in the statute defining the offense. However, the court is constrained to construe the statute as constitutional if possible. "[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building and Construction Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988). The Tenth Circuit's discussion in *United States v. Garot*, 801 F.2d 1241 (10th Cir.1986), indicates that a scienter element should be read into section 2252.

This court is aware of no other court following the lead of the Ninth Circuit in striking down section 2252. As the defendant states in his brief, his constitutional challenge to section 2252 appears to be an issue of first impression in the Tenth Circuit. The court agrees with the dissenting opinion of Judge Kozinski in *X–Citement Video*. The defendant is free to appeal the constitutional issue to the Tenth Circuit.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 36) is hereby denied.