**UNITED STATES, Appellee,**

v.

**William Q. COCHRAN, Appellant.**

**No. 93–1578.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Local Appellate Rule 34.1(a) Jan. 25, 1994.

Decided Feb. 2, 1994.

Sur Petition for Rehearing Feb. 25, 1994.

James P. McFadden, Assistant Federal Defender, Elaine DeMasse, Senior Appellate Counsel, Maureen Kearney Rowley, Chief Federal Defender, Federal Court Division, Defender Association of Philadelphia, Philadelphia, PA, Attorneys for Appellant.

Michael J. Rotko, United States Attorney, Walter S. Batty, Jr., Assistant United States Attorney, Chief of Appeals, Richard P. Barrett, Assistant United States Attorney, Philadelphia, PA, Attorneys for Appellee.

Before MANSMANN, NYGAARD and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Defendant William Q. Cochran appeals from a judgment and sentence after a plea of guilty to possessing and transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(1) and (a)(4). The district court had jurisdiction over this criminal prosecution for violation of a federal statute under 18 U.S.C. § 3231. This court has jurisdiction over the final order of the district court under 28 U.S.C. § 1291.

### I. *FACTS*

Employees of Atlas Van Lines advised the Philadelphia police that they suspected that Cochran moved items containing child pornography from Colorado to Pennsylvania. Pursuant to a search warrant, the Philadel-phia police seized photographs and equipment connected to the production of child pornography at Cochran's new residence. Cochran admitted knowingly possessing the seized material.

After an unsuccessful motion to suppress the items seized and his incriminating statement, Cochran pled guilty. The district court allowed Cochran to modify his plea to preserve for appeal the issues addressed below.

### II. *DISCUSSION*

Cochran raises two issues in this appeal. First, he challenges the constitutionality of the federal child pornography statute, 18 U.S.C. § 2252, on the ground that it lacks a scienter requirement as to the minority of the performer. Most courts that have addressed the issue have upheld the statute; however, they differ in their methods of finding a scienter requirement in the statute. Some courts construe the statutory language to embody a knowledge requirement; other courts read in a recklessness requirement as a saving construction. The choice is important because the availability of relief under the second issue presented turns on which construction is employed. Our review of the district court's statutory construction is de novo. *United States v. Brown*, 862 F.2d 1033, 1036 (3d Cir.1988).

Cochran's second challenge is to the sufficiency of his indictment, which tracked the language of the statute. If the scienter requirement is fulfilled by the statutory language, the indictment sufficiently alleged all the elements of the crime. On the other hand, if the scienter requirement is supplied by the judicial addition of a recklessness standard, the indictment is fatally flawed because it omitted an essential element. An indictment that fails to charge all the elements of a crime must be dismissed. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962). Our review of the sufficiency of an indictment is *de novo*. *United States v. Werme*, 939 F.2d 108, 112 (3d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1165, 117 L.Ed.2d 412 (1992).

## A. Scienter Requirement

■ In order to prevent chilling expression protected by the First Amendment, statutes criminalizing obscenity must require proof of scienter. In *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), the Supreme Court struck down a strict liability statute that outlawed possession of obscene material in bookstores and other places. The Court reasoned that if the bookseller could be jailed for stocking books whose contents he does not know, he will censor himself *too much* by refusing to carry books he has not read.

■ Scienter is also a prerequisite to conviction under a child pornography statute. Child pornography can be restricted when adult pornography cannot because First Amendment interests are outweighed by the state's compelling interest in protecting children. *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Therefore, nonobscene visual depictions of live performances by minors may be prohibited. However, "as with obscenity laws, criminal responsibility may not be imposed without some element of scienter on the part of the defendant." *Id.* at 765, 102 S.Ct. at 3358.

■ Understanding that scienter is a necessary element of a prosecution under Section 2252, we begin the task of construing the statute. First, we consider the text of the statute:

Any person who—

(1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

. . . . .

(4) . . .

(B) knowingly possesses 3 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

18 U.S.C. § 2252(a) (1988 & Supp. IV 1992). This section does not plainly indicate whether "knowingly" extends to "the use of a minor." We therefore look to see how other courts have interpreted the statute.

First, defendant points to the recent decision by the Ninth Circuit Court of Appeals striking the statute as unconstitutional. *United States v. X–Citement Video, Inc.*, 982 F.2d 1285 (9th Cir.1992), *petition for cert. filed*, 62 U.S.L.W. 3360 (U.S. Nov. 5, 1993) (No. 93–723). The *X–Citement Video* court was bound by a prior Ninth Circuit case holding that Section 2252 does not require proof of scienter as to the minority of the performers. *See id.* at 1289–90 (citing *United States v. Thomas*, 893 F.2d 1066 (9th Cir.); *cert. denied*, 498 U.S. 826, 111 S.Ct. 80, 112 L.Ed.2d 53 (1990)). Recognizing the constitutional mandate of a scienter element, the majority of the *X–Citement Video* court felt constrained to strike the statute. *Id.* at 1292.

The *Thomas* court concluded that " 'knowingly' modifies only 'transports or ships' [and] 'receives' [and,] therefore, does not require that Thomas knew that the pornography he transported, mailed, and received involved a minor." *Thomas*, 893 F.2d at 1070. The court was reviewing the sufficiency of the indictment and had no constitutional challenge before it. Indeed, the *Thomas* court provided no rationale for its ruling. Its only citation is to a case construing Section 2251(a), from which Congress specifically deleted the word "knowingly." *See id.* (citing *United States v. United States Dist. Court for the Cent. Dist. of Cal.*, 858 F.2d 534, 537–38 (9th Cir.1988)).

*United States v. Kleiner,* 663 F.Supp. 43 (S.D.Fla.1987), also concluded that "knowingly" attaches to "only the shipment or transportation of the sexually explicit material.... The knowledge element does not concern the age of the child." *Id.* at 44. *Kleiner* relied on an Eleventh Circuit Court of Appeals case construing the knowledge requirement in another statute. *See id.* at 44–45 (citing *United States v. Pruitt,* 763 F.2d 1256 (11th Cir.1985), *cert. denied,* 474 U.S. 1084, 106 S.Ct. 856, 88 L.Ed.2d 896 (1986)). However, the earlier case considered only statutes that proscribed conduct that is criminal without mention of the element as to which the defendant need not have knowledge. *See Pruitt,* 763 F.2d at 1261–62. For example, *Pruitt* held that no knowledge of the recipient's age is necessary to enhance the penalty for knowingly distributing a controlled substance to a person under age 21. *Id.* at 1262. *Pruitt* cited cases holding, for instance, that knowledge of the victim's age is not a prerequisite to increasing penalties for interstate transportation of persons in order to engage in immoral practices. *Id.* (citing *United States v. Hamilton,* 456 F.2d 171, 173 (3d Cir.), *cert. denied,* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335 (1972)). Enhancement of penalties for otherwise criminal conduct is significantly different than criminalization of conduct otherwise protected by the First Amendment as is done by Section 2252.

Other opinions have agreed that, as a matter of statutory construction, "knowingly" does not reach the age of the performer, but that, as a matter of constitutional interpretation, some level of scienter should be read into the statute. Judge Kozinski felt bound by *Thomas's* statutory interpretation as the *X–Citement Video* majority did, but dissented on the theory that a recklessness requirement should be imputed as a constitutional saving construction. *X–Citement Video,* 982 F.2d at 1295–97. His approach was followed in *United States v. Kempton,* 826 F.Supp. 386 (D.Kan.1993), albeit without first deciding that "knowingly" does not reach "the use of a minor" in the statute.

A third approach reads Section 2252 so that "knowingly" "modifies the entire paragraph" and "imposes a scienter element as to the nature of the proscribed visual depictions." *United States v. Prytz,* 822 F.Supp. 311, 321 (D.S.C.1993). This scheme accords with our prior constructions of Section 2252 when we did not have this precise constitutional challenge to consider. In *United States v. Brown,* 862 F.2d 1033, 1036–38 (3d Cir.1988), we held that the defendant must have been aware that the videotapes he received were child pornography, but need not know their specific contents—substitution of "Preteen Trio" for "Teen Sex" did not eradicate his guilty knowledge. In *United States v. Knox,* 977 F.2d 815 (3d Cir.1992), *vacated and remanded,* —— U.S. ——, 114 S.Ct. 375, 126 L.Ed.2d 325 (1993), we held that "to fulfill the knowledge element of section 2252, a defendant simply must be aware of the general nature and character of the material and need not know that the portrayals are illegal." *Id.* at 825. The defendant's erroneous belief that scanty clothing on the underage performers prevented the material from being classified as pornography did not convert his state of mind to an innocent one.

*Knox* analogized the use of "knowingly" in the adult obscenity law, 18 U.S.C. § 1461, to the use of "knowingly" in the child pornography law, 18 U.S.C. § 2252. *Id.* The analogy remains apt. Section 1461 declares certain items nonmailable, including obscenity, and provides that "[w]hoever knowingly uses the mails for the mailing, ... of anything declared to be nonmailable" is criminally liable. Similarly, section 2252(a)(2) provides that "any person who knowingly receives ... any visual depiction ... involv[ing] the use of a minor engaging in sexually explicit conduct" shall be criminally liable. The Supreme Court has interpreted Section 1461's scienter requirement to require that the defendant have knowledge of the contents, character, and nature of the materials. *Hamling v. United States,* 418 U.S. 87, 123, 94 S.Ct. 2887, 2910, 41 L.Ed.2d 590 (1974). The defendant need not know that the materials are obscene and therefore illegal to mail. *Id.* *Knox* interpreted Section 2252 analogously to require that the defendant "be aware of the general nature and character of the material and need not know that the portrayals are illegal." *Knox,* 977 F.2d at 825.

Relying on *Hamling* and extending our logic in *Knox*, a district court recently concluded that knowledge of the nature and content of the materials received or possessed includes knowledge that the materials visually depict a performer under the age of 18, but not knowledge of the performer's precise age. *United States v. Long*, 831 F.Supp. 582, 586 (W.D.Ky.1993). The *Long* court faced the constitutional challenge before us—whether Section 2252 or the indictment is facially invalid for lack of a scienter element. *Id.* at 583, 586. We adopt *Long*'s holding that Section 2252 requires knowledge that one or more of the performers is under-age and that an indictment tracking the language of the statute is constitutionally sufficient.[1]

Our conclusion that Section 2252 mandates knowledge of the nature and contents of the proscribed materials is supported by the legislative history. The congressional materials on the scienter requirement of Section 2252 and two related sections are instructive.

During the floor debates of the bill that contained Section 2252, the bill's sponsor explained that "the phrase 'knowingly[ ]' insures that only those sellers and distributors who are consciously and deliberately engaged in the marketing of child pornography ... are subject to prosecution under this amend-

ment."[2] 123 Cong. Rec. 33050 (1977) (statement of Sen. Roth). This statement makes abundantly clear that the drafters intended for the prosecution to show that the defendant had some scienter regarding the nature of the materials.

The Senate Report accompanying the bill explained the meaning of the word "knowingly" as it was originally used in Section 2251(a), which prohibits using minors in sexually explicit material:

It is the Committee's intention that the use of the word "knowingly" in both Sections 2251(a) and (b) will require that the person charged under these provisions have knowledge or reason to know the purpose for which the minor was being used in the production of the material in question.

S.Rep. No. 438, 95th Cong., 2d Sess. 15–16, *reprinted in* 1978 U.S.C.C.A.N. 40, 53.

Department of Justice comments on the draft bill contrasted the need for "knowingly" in Section 2251(a), which prohibits the use of minors in the production of sexually explicit material, with Section 2252, which prohibits possession of that material. The Department recommended deleting "knowingly" from the production section because the gov-

---

1. Thus, we answer the question we reserved in *Knox*, "whether a defendant must know that the subjects of the photograph or film are minors." *Knox*, 977 F.2d at 825 n. 7.

2. The context of Senator Roth's statement further illuminates the subject:

Mr. PERCY:....

[Senator Roth] has drafted this amendment such that a distributor or seller would be culpable only if he or she acts "knowingly." Would this not mean that the distributor or seller must have either, first, actual knowledge that the materials do contain child pornographic depictions or, second, circumstances must be such that he should have had such actual knowledge, and that mere inadvertence [sic] or negligence would not alone be enough to render his actions unlawful? Clearly, it is not the intention of this amendment as I read it, to create any kind of trap for the unwary.

Mr. ROTH: That is absolutely correct. This amendment, limited as it is by the phrase "knowingly," insures that only those sellers

and distributors who are consciously and deliberately engaged in the marketing of child pornography and thereby are actively contributing to the maintenance of this form of child abuse are subject to prosecution under this amendment.

Mr. PERCY: Then, if we could take a specific example: A large volume book or magazine retail store, with perhaps hundreds of different title books and magazines offered to the public for sale, whose owner does not have the time to read every single book or magazine in his shop—it would be literally impossible—would not be subject to potential culpability if a book or magazine which happened to contain prohibited material is discovered in his shop, unless, as you have noted, he acted "knowingly." Is this a correct statement?

Mr. ROTH: Yes, that is correct. This legislation creates no affirmative duty to inspect on the part of the distributor or seller, though it would certainly apply to one who actively and affirmatively endeavors to conceal his knowledge.

123 Cong.Rec. 33050 (1977).

ernment would already be required to show that the defendant knew or had reason to know the nature of "such act" to be a prohibited sexual act and did not want to risk an interpretation requiring proof of the subject's age. On the other hand, "knowingly" serves a useful purpose in the possession section so that innocent transporters who do not know the nature of the materials are not subject to punishment. *See* S.Rep. No. 438, app. at 28–29, *reprinted in* 1978 U.S.C.C.A.N. at 64. The conference version of the Protection of Children Against Sexual Exploitation Act specifically adopted this recommendation and deleted a knowledge requirement from the production section while retaining it in the possession section. H.R.Conf.Rep. No. 811, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.C.C.A.N. 40, 69; *see also United States v. United States Dist. Court for the Cent. Dist. of Cal.*, 858 F.2d 534, 538 (9th Cir.1988). This commentary reinforces our view that it was the intention of Congress to require knowledge of the nature and character of the materials.

We conclude that Congress intended "knowingly" as employed in the statute to require proof that the defendant knew the nature of the materials to be child pornography, although the prosecution need not show that the defendant knew the age of the performer(s) or knew that the materials are illegal. Therefore, we uphold the statute against Cochran's First Amendment challenge.

### B. Sufficiency of the Indictment

Cochran next contends that even though Section 2252 is construed to require scienter as to the performer's minority, the indictment insufficiently alleges the mental element because it tracks the language of the statute. He correctly points out that an indictment must state all the essential elements of the crime and that it cannot be cured by reference to a deficient statute. *Russell v. United States*, 369 U.S. 749, 765, 82 S.Ct. 1038, 1047–48, 8 L.Ed.2d 240 (1962);

see also *United States v. Werme*, 939 F.2d 108, 112 & n. 1 (3d Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1165, 117 L.Ed.2d 412 (1992). However, because we interpret the statute to embody a knowledge requirement on its face, the indictment in the words of Section 2252 alleged all the elements necessary for prosecution.

## III. CONCLUSION

The judgment of the district court will be affirmed.

Before: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS and SEITZ,* Circuit Judges.

## SUR PETITION FOR REHEARING

Feb. 25, 1994.

MANSMANN, Circuit Judge.

The petition for rehearing filed by appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

---

* Senior Circuit Judge Seitz voted only as to panel rehearing.