**UNITED STATES of America, Appellee,**

v.

**Michael COLAVITO, also known as Michael Cole, Defendant–Appellant.**

**Docket 93–1552.**

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1994.

Decided Jan. 24, 1994.

Published March 10, 1994.

Anthony I. Giacobbe, New York City, for defendant-appellant.

Susan Corkery, Mark O. Wasserman, Asst. U.S. Attys., Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before TIMBERS, VAN GRAAFEILAND, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Michael Colavito appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge* ), following a guilty plea to charges of (1) receiving child pornography through interstate commerce, in violation of 18 U.S.C. § 2252(a)(2), and (2) possessing three or more items of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On appeal, Colavito argues that (1) section 2252(a)(2) violates the free speech clause of the First Amendment because it fails to require scienter, and (2) section 2252(a)(4)(B) violates the due process clause of the Fifth Amendment because it is impermissibly vague.

We affirm.[1]

## I.

Section 2252(a)(2) penalizes any person who "knowingly receives" through interstate commerce "any visual depiction ... of a minor engaging in sexually explicit conduct." Colavito argues that the statute is unconstitutional because it does not require that the recipient have reason to know that the items depict minors. He contends that, as written, "knowingly" modifies only "receives," and because the statute impermissibly imposes strict liability on the other elements, it vio-

---

1. We originally decided this appeal by an order, which, under the rules of this Court, has no precedential value. *See* 2d Cir.Rule 0.23. We hereby withdraw our original order and replace it with this opinion. *See Orange Env't, Inc. v. Orange County Legislature*, 2 F.3d 1235, 1235 (2d Cir.1993).

lates the First Amendment. We reject defendant's construction of the statute.

■ Child pornography statutes must be carefully drafted, so as not to inhibit constitutionally protected speech. *See Smith v. California*, 361 U.S. 147, 155, 80 S.Ct. 215, 219–20, 4 L.Ed.2d 205 (1959). To avoid chilling legitimate speech, these statutes must require that the violator know he is receiving child pornography. *New York v. Ferber*, 458 U.S. 747, 764–65, 102 S.Ct. 3348, 3358–59, 73 L.Ed.2d 1113 (1982). Such a scienter requirement is present when the statute can be fairly read to contain it. *See Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 465–66, 109 S.Ct. 2558, 2572, 105 L.Ed.2d 377 (1989). ("[W]e are loath to conclude that Congress intended to press ahead into dangerous constitutional thicket in the absence of firm evidence that it courted those perils.").

■ Section 2252(a)(2) can be fairly read to require that the defendant know he is receiving items that depict child pornography. Under this reading, the phrase "knowingly receives" means that the violator must know not only that he is receiving material through interstate commerce, but also that it contains sexually explicit depictions of minors. *Accord United States v. Cochran*, 17 F.3d 56, 61 (3d Cir.1994) (Congress intended that "knowingly" in § 2252(a)(2) require the government to prove that the defendant know the material contained child pornography); *United States v. Osborne*, 935 F.2d 32, 34 n. 2 (4th Cir.1991) (common sense meaning of "knowing receipt" is that the defendant know he ordered child pornography).

Colavito urges us to adopt the reasoning in *United States v. X–Citement Video, Inc.*, 982 F.2d 1285 (9th Cir.1992), *cert. granted*, — U.S. ——, 114 S.Ct. 1186, 127 L.Ed.2d 536 (1994), which held that section 2252(a)(2) was unconstitutional because it lacked a requirement that the defendant know that the persons depicted were underage. *Id.* at 1290. *X–Citement*, in turn, rested on *United States v. Thomas*, 893 F.2d 1066, 1070 (9th Cir. 1990), which held that section 2252(a)(2) did not require the prosecutor to prove that the defendant know the pornography involved minors. *See X–Citement*, 982 F.2d at 1289–

90. *X–Citement*'s reliance on *Thomas* is misplaced, however, because *Thomas* never considered whether its construction of section 2252(a)(2) ran afoul of the Constitution. Because courts should choose a constitutional reading of a statute over an unconstitutional one, *see Public Citizen*, 491 U.S. at 465–66, 109 S.Ct. at 2572, *Thomas*'s interpretation of the statute is not compelling. *See generally Cochran*, 17 F.3d at 58–59 (criticizing *X–Citement* and *Thomas*); *United States v. Prytz*, 822 F.Supp. 311, 320–21 (D.S.C.1993) (same).

We need not shape today the precise contours of section 2252(a)(2)'s scienter requirement because Colavito pled guilty to possessing child pornography in violation of the statute. *See Menna v. New York*, 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1979) ("A guilty plea ... renders irrelevant those constitutional violations ... which do not stand in the way of conviction, if factual guilt is validly established."). Accordingly, we affirm Colavito's conviction for receiving child pornography through interstate commerce.

## II.

Colavito also challenges his conviction under section 2252(a)(4)(B), which makes it a crime to "knowingly possess[ ] 3 or more books, magazines, periodicals, films, videotapes, or other matter which contain any visual depiction ... of a minor engaging in sexually explicit conduct." To fall within the ambit of section 2252(a)(4)(B), the depictions must have traveled through interstate commerce by such means as mail, transport, or computer. 18 U.S.C. § 2252(a)(4)(B).

Colavito argues that this section is unconstitutionally vague because videotape and film cannot be "transported" over computer lines. We disagree.

■ A penal statute is unconstitutionally vague if it does not define the offense well enough to let ordinary people know what is prohibited. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Section 2252(a)(4)(B) prohibits the possession of child pornography only when it

has traveled through interstate commerce. The section lists several means by which pornography may travel between states, including the transmission of visual images across telephone lines by way of computer modems. The fact that other depictive media cannot travel in a similar manner hardly renders this statute vague.

Accordingly, we also affirm Colavito's conviction for possessing child pornography.