UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerry Ted BROWN, Defendant–Appellant.

No. 93–5677.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 21, 1994.

Decided May 26, 1994.

Dan Newsom, Asst. U.S. Atty., Memphis, TN (argued and briefed), for plaintiff-appellee.

Matthew M. Maddox, Maddox & Maddox, Huntingdon, TN (argued and briefed), for defendant-appellant.

Before: GUY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.[*]

SILER, Circuit Judge.

Defendant Jerry Ted Brown appeals the district court's denial of his motion to dismiss the indictment charging him with receiving child pornography. He argues that the indictment should have been dismissed on the ground that the statute criminalizing the receipt of child pornography, 18 U.S.C. § 2252(a)(2), is unconstitutional because it lacks the necessary scienter element. For the reasons stated herein, we affirm the decision of the district court.

## I.

On July 1, 1992, authorities searched the residence of Michael Carr in Los Angeles, California. Carr, doing business as "Lifestyles," was distributing pornography from his home. Among other items, the search turned up a letter from defendant Brown in Decaturville, Tennessee. The letter referred to a pornographic video tape that Brown had recently purchased from "Lifestyles."

A Los Angeles Police Department undercover officer ("Gary") initiated correspondence with Brown. In a series of letters during July and August 1992, Brown discussed his interest in child pornography and Gary relayed that he was selling videos and magazines featuring girls ten to fourteen years old. Ultimately, Brown ordered from Gary ten photos of a nude twelve-year-old girl in lewd and lascivious poses. The photos were mailed to him through the U.S. mail, and he received them in a controlled delivery in September 1992. Brown was subsequently indicted on one count of knowingly receiving visual depictions through the mail which involved a minor [1] engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).

On January 27, 1993, Brown filed a motion to dismiss the indictment. Brown based his motion on the decision in *United States v. X–Citement Video, Inc.*, 982 F.2d 1285, 1292 (9th Cir.1992), *cert. granted,* —— U.S. ——, 114 S.Ct. 1186, 127 L.Ed.2d 536 (1994), which found 18 U.S.C. § 2252 unconstitutional because the statute lacks a scienter requirement. The district court denied Brown's motion, finding that "the language of § 2252 clearly imposes a scienter element as to the nature of the proscribed visual depictions." Subsequently, Brown entered into a conditional plea agreement with the government, pleading guilty on the condition that he be allowed to retain the right to appeal the district court's denial of his motion to dismiss. Brown did not deny that he knowingly received child pornography through the mail. On April 28, 1993, the court sentenced Brown to eighteen months incarceration [2] and two years supervised release.

## II.

■ Brown's argument as to the unconstitutionality of 18 U.S.C. § 2252(a)(2) presents a matter of first impression for this circuit. We review this question of law de novo.

[*] The Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The statute defines a "minor" as any person under eighteen years of age. 18 U.S.C. § 2256(1).

2. Seven of the eighteen months were to run concurrently with a state sentence for sexual assault of a minor.

*United States v. Knipp,* 963 F.2d 839, 842 (6th Cir.1992).

Section 2252 provides, in part, that

(a) Any person who—

(2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed ... if

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct....

\*    \*    \*    \*    \*    \*

(b) ... shall be fined ... or imprisoned not more than ten years, or both....

This provision reflects a public policy aimed at eliminating the abuse and exploitation of children inherent in the production and distribution of child pornography. *See New York v. Ferber,* 458 U.S. 747, 757–59, 102 S.Ct. 3348, 3354–56, 73 L.Ed.2d 1113 (1982). Because determining the source of child pornography is often difficult, if not impossible, 18 U.S.C. § 2252(a)(2) seeks to battle child pornography by curtailing demand.

■■■ Whenever a statute seeks to regulate speech, "the hazard of self-censorship of constitutionally protected material," *Mishkin v. New York,* 383 U.S. 502, 511, 86 S.Ct. 958, 965, 16 L.Ed.2d 56 (1966), must be avoided. While non-obscene adult pornography is protected speech, child pornography need not be obscene to be regulated. As a result, in certain instances, the only factor separating what would otherwise be protected speech from unprotected child pornography is the minority of the persons depicted. Therefore, "[a]s with [adult] obscenity laws, criminal responsibility [under child pornography laws] may not be imposed without some element of scienter on the part of the defendant," *Ferber,* 458 U.S. at 765, 102 S.Ct. at 3358, and this knowledge must be as to the character of the materials in question. Otherwise, the risk exists that protected speech will be inadvertently swept into the scope of the statute, producing a chilling effect. *See United*

*States v. United States Dist. Court for the Cent. Dist. of California,* 858 F.2d 534, 538 (9th Cir.1988).

■ We begin our inquiry with the language of the statute. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Section 2252(a)(2) refers to the knowing receipt of child pornography. Brown contends that the word "knowingly" in this provision only modifies "receives" and "distributes" and does not indicate any knowledge requirement as to the nature of the works received or distributed. We reject Brown's construction of § 2252(a)(2) and, instead, read "knowingly" to apply not only to "receives" and "distributes" but also to the "visual depiction" involved.[3] Accordingly, we find § 2252(a)(2) constitutional in that the statute includes a scienter requirement as to the nature and character of the proscribed materials.

In our understanding of § 2252(a)(2), we are guided by the principle that we should interpret statutes to avoid constitutional problems whenever possible. *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building and Construction Trades Council,* 485 U.S. 568, 575, 108 S.Ct. 1392, 1397–98, 99 L.Ed.2d 645 (1988). Furthermore, our reading of the statute avoids the unreasonable and absurd result of imposing liability on unwary individuals such as the person who mistakenly receives child pornography in the mail or the merchant who sells materials containing child pornography without any knowledge of the contents. *See United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) (when interpreting a statute, "absurd results are to be avoided"); *United States v. Blackmon,* 914 F.2d 786, 789 (6th Cir.1990) (same).

While the Supreme Court has yet to address the issue raised here, our understanding of § 2252(a)(2) is consistent with the Court's interpretation of a similarly phrased statute, 18 U.S.C. § 1461. *See Hamling v. United States,* 418 U.S. 87, 122–23, 94 S.Ct.

3. However, a defendant need not know that the person depicted was actually under 18 years of age or that the depiction violated the law in order for a § 2252 violation to be found. *See*

H.R.Rep. No. 99–910, 99th Cong., 2d Sess, *reprinted in* 1986 U.S.C.C.A.N. 5952, 5956; *see also United States v. Long,* 831 F.Supp. 582, 586 (W.D.Ky.1993).

2887, 2910–11, 41 L.Ed.2d 590 (1974). Section 1461 concerns the mailing of obscene materials and refers to an individual who "knowingly uses the mails for the mailing, carriage in the mails, or delivery of [obscene materials]." The Court has read this language as including a requirement of knowledge of the general character and nature of the materials involved. *Id.* at 123, 94 S.Ct. at 2910.

Our reading of § 2252 is also guided by the legislative history of § 2252 which reveals Congress's intent to require that a recipient know that he is receiving child pornography. An exchange between Senator Roth, the sponsor of the amendment which became § 2252, and Senator Percy reveals that § 2252 was not designed as a trap for the unwary. 123 Cong.Rec. S33050 (1977). *See also United States v. Osborne*, 935 F.2d 32, 34 n. 2 (4th Cir.1991) (purpose of "knowingly received" language is to protect those who receive child pornography by accident). In discussing § 2252(a)(2), Senator Percy inquired as to whether the "knowingly" requirement meant that

> [T]he distributor or seller must have [either] first, actual knowledge that the materials do contain child pornographic depictions or, second, circumstances must be such that he should have had such actual knowledge.

123 Cong.Rec. S33050. Senator Roth responded that Senator Percy was correct:

> [T]he phrase "knowingly" insures that only those sellers and distributors who are consciously and deliberately engaged in the marketing of child pornography ... are subject to prosecution....

*Id.*

Though these statements dealt specifically with the *distribution* of child pornography, there is nothing to suggest that these remarks do not have equal application to the *receipt* of child pornography, as the statute punishes one who "knowingly *receives, or distributes*" child pornography, 18 U.S.C. § 2252(a)(2) (emphasis added). The colloquy between Senators Roth and Percy clearly evidences a legislative intent to reach only those individuals who receive or distribute

material *with the knowledge* that the material is child pornography.

Finally, in concluding that § 2252(a)(2) incorporates a scienter requirement as to the character of the materials involved, we join the majority of the courts of appeals that have addressed the constitutionality of § 2252 and the sufficiency of the statute's knowledge requirement. The First, Second, Third, Fifth, and Ninth Circuits have dealt with this question, and, except for the Ninth Circuit's *X–Citement Video* decision, which we discuss below, all of the circuits have found that § 2252 includes the requisite scienter element and is, therefore, constitutional. *See United States v. Gendron*, 18 F.3d 955, 960 (1st Cir.1994); *United States v. Gifford*, 17 F.3d 462, 472–73 (1st Cir.1994); *United States v. Colavito*, 19 F.3d 69, 71 (2d Cir.1994); *United States v. Cochran*, 17 F.3d 56, 59–60 (3d Cir.1994); *United States v. Burian*, 19 F.3d 188, 191 (5th Cir.1994).

### III.

To support his constitutional challenge to § 2252, Brown relies on the decision in *X–Citement Video*, 982 F.2d 1285. In *X–Citement Video*, the Ninth Circuit found that, while the First Amendment requires a scienter element for a § 2252 violation, § 2252(a)(2) did not include such a knowledge requirement. *Id.* at 1291–92. The court, therefore, held that the statute was unconstitutional. *Id.* at 1292. The *X–Citement Video* holding is premised on the Ninth Circuit's earlier decision in *United States v. Thomas*, 893 F.2d 1066 (9th Cir.), *cert. denied*, 498 U.S. 826, 111 S.Ct. 80, 112 L.Ed.2d 53 (1990). In *Thomas* the defendant challenged the sufficiency of his indictment for transporting and receiving child pornography in violation of §§ 2252(a)(1) and 2252(a)(2) because the indictment failed to allege that he knew that the pornography involved depicted a minor. *Id.* at 1069. The court held that under § 2252(a) the government was not required to allege that the defendant had any knowledge of the contents of the material. *Id.* at 1070. Specifically, the court stated that

> In subsection 1, "knowingly" modifies only "transports or ships." In subsection 2,

"knowingly" modifies only "receives." [Section 2252(a),] therefore, does not require that Thomas knew that the pornography he transported, mailed, and received involved a minor. The section requires only that Thomas knowingly transported and received the material.

*Id.* at 1070. Though the decision in *Thomas* was rendered in an entirely different context and did not even address the constitutionality of § 2252(a), the court in *X–Citement Video* considered itself bound by *Thomas. X–Citement Video*, 982 F.2d at 1290.[4]

We find Brown's reliance on *X–Citement Video* misplaced. The *X–Citement Video* opinion takes an overly literal and narrowly grammatical view of § 2252(a) and raises a constitutional question where such an issue can (and should) be avoided. *See Edward J. DeBartolo Corp.*, 485 U.S. at 575, 108 S.Ct. at 1397–98 ("The courts will therefore not lightly assume that Congress intended to infringe constitutionally protected liberties or usurp power constitutionally forbidden it."). *See also United States v. Long*, 831 F.Supp. 582, 586 (W.D.Ky.1993). Additionally, any persuasive effect of *X–Citement Video* is greatly diminished by the Ninth Circuit's reliance on the binding effect of *Thomas. See X–Citement Video*, 982 F.2d at 1290 and 1292. Unlike the court in *X–Citement Video*, we have no *Thomas*-like precedent that controls our understanding of the statute.

As mentioned above, the position set out in *X–Citement Video* reflects a minority position. *See Gifford*, 17 F.3d at 472 ("The *X–Citement Video* opinion is something of a pariah."). In fact, no other court has followed *X–Citement Video*'s lead in finding § 2252(a)(2) unconstitutional. Those courts that have addressed the constitutionality of § 2252(a)(2) have explicitly rejected the reasoning and the holding in *X–Citement Video* and have taken—as we do today—the view that § 2252(a)(2) includes a knowledge requirement as to the nature of the materials received or distributed. *See Gendron*, 18 F.3d at 960; *Gifford*, 17 F.3d at 472; *Colavito*, 19 F.3d at 71; *Cochran*, 17 F.3d at 60; *Burian*, 19 F.3d at 191; *Long*, 831 F.Supp. 582; *United States v. Prytz*, 822 F.Supp. 311 (D.S.C.1993); *United States v. Kempton*, 826 F.Supp. 386 (D.Kan.1993); *United States v. Edwards*, No. 92 CR 884, 1993 WL 453461, 1993 U.S. Dist. LEXIS 15658 (N.D.Ill. Nov. 4, 1993). Additionally, other decisions that have dealt with § 2252(a) without addressing its constitutionality have recognized that the provision includes a requirement that a defendant be aware that the materials involved constitute child pornography. *See United States v. Duncan*, 896 F.2d 271, 277–78 (7th Cir.1990) (presumes that § 2252(a) requires that defendant knew that he was receiving child pornography); *United States v. Brown*, 862 F.2d 1033, 1036 (3d Cir.1988) (same); *United States v. Marchant*, 803 F.2d 174, 177 (5th Cir.1986) (same); *United States v. Garot*, 801 F.2d 1241, 1247 (10th Cir.1986) (same); *Osborne*, 935 F.2d at 34 n. 2 ("knowingly received" language in § 2252(a)(2) is intended to protect those who have received child pornography by accident).

### IV.

In conclusion, we reject the reasoning of *X–Citement Video*, and hold that the knowledge element contained in § 2252(a)(2) goes beyond the mere receipt to the nature of the work received. Therefore, finding no constitutional infirmity with the statute, the decision of the district court is hereby **AFFIRMED.**

---

4. Judge Kozinski dissented from that part of the *X–Citement Video* decision concerning § 2252(a), criticizing the majority's "supine willingness to be bound" by the *Thomas* decision when the court in *Thomas* was not even called upon to address the question of the statute's constitutionality. 982 F.2d at 1295 (Kozinski, J. dissenting). In Judge Kozinski's view, the court in *X–Citement Video* was not bound by the *Thomas* decision and had the option of reading into § 2252(a) a scienter requirement. Noting that "[s]tatutes often fail to specify mental states for each element of the criminal offense, and courts routinely read scienter into a statute even absent constitutional considerations," *id.* at 1296, Judge Kozinski asserted that the majority should have read a recklessness requirement into § 2252(a). *Id.* at 1296–97.