35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Allen PRYTZ, Defendant-Appellant.
 No. 94-5006.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1994.
Decided Sept. 6, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-92-593)
 Gordon H. Garrett, Garrett Law Offices, North Charleston, S.C., for appellant.
 Joseph P. Griffith, Jr., Asst. U.S. Atty., Charleston, S.C., for appellee.
 On Brief: J. Preston Strom, Jr., U.S. Atty., Charleston, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Senior Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Allen Prytz appeals his conviction for violating the federal anti-child pornography laws. His primary claim is that the statute under which he was indicted and convicted, 18 U.S.C.Sec. 2252, is unconstitutional because, he contends, it lacks a necessary scienter requirement. In addition, Prytz argues that he was entrapped. Finally, he suggests that the use of an anticipatory search warrant was improper. The district court denied these claims, and we affirm.
 
 
 2
 * The facts surrounding Prytz's indictment are detailed in the opinion of the district court. United States v. Prytz, 822 F.Supp. 311 (D.S.C.1993). In short, in early 1992, a letter containing a self-addressed envelope (bearing Prytz's address) and postage was received by a pornography outlet that recently had been raided and taken over by federal postal inspectors and law enforcement officials (hereinafter "the government"). Following up, the government mailed to Prytz in his self-addressed envelope a letter which gave Prytz the opportunity to choose five out of a possible 100 categories of sexually explicit video tapes. The letter also provided Prytz the opportunity to inform the purported sex video company that he was not interested in such material and wished to be removed from the mailing list.
 
 
 3
 Prytz returned the letter showing his selection of the sexual categories of "animal", "bull", "dogs", "K-9 oldies ",[1] and, critical to this prosecution, "incest". Evidence before the court indicated, and Prytz does not dispute, that purveyors and recipients of pornographic materials (as well as the government officials who investigate them) understand that "incest" refers to child pornography. Upon receiving Prytz's letter, the government mailed back an order form describing a range of bestiality tapes, and, under the category of "Incest Video Tapes," seven titles and descriptions clearly suggesting child pornography (e.g. "Lolita Girls and Boy"). Prytz promptly ordered and paid for all seven of the child pornography tapes, plus four of bestiality.
 
 
 4
 The government sent several of the child pornography tapes to Prytz in February 1992. Just prior to the mailing of the tapes, an "anticipatory" federal search warrant was sought and obtained and upon Prytz's receipt of the tapes, it was executed. Prytz was then indicted under 18 U.S.C. Sec. 2252(a)(2),[2] which prohibits the receipt of child pornography, and Sec. 2252(b), the statute's penalty provision.
 
 
 5
 By timely pre-trial motions, Prytz moved to dismiss the indictment on the ground that Sec. 2252(a)(2) was unconstitutional; moved to dismiss on the ground that he was entrapped; and moved to suppress evidence obtained pursuant to the anticipatory search warrant. The district court denied all of Prytz's motions, whereupon Prytz entered a conditional plea of guilty and noticed this appeal.
 
 II
 
 6
 Prytz's challenge to the constitutionality of 18 U.S.C. Sec. 2252(a)(2) is based on the contention that it does not contain a scienter requirement that runs to all its elements. Specifically, the contention is that "knowingly" in subsection(2) of the statute only modifies "receives" and does not also require knowledge that material received "involves the use" or "visual depiction" of a minor, so that the statute fails under cases such as New York v. Ferber, 458 U.S. 747 (1982). In support of this contention, Prytz relies on the split panel decision of the Ninth Circuit in United States v. X-Citement Video, Inc., 982 F.2d 1285 (9th Cir.1992), cert. granted, --- U.S. ----, 114 S.Ct. 1186 (1994). The district court rejected this contention, while conceding the grammatical problem created by the statute's text.
 
 
 7
 We agree with the district court, and with all the other circuit courts that have addressed the issue, that the statute's "knowingly" requirement runs to all substantive elements of the offense, and that the statute is not therefore unconstitutional on that account. See United States v. Gendron, 18 F.3d 955 (1st Cir.1994); United States v. Colavito 19 F.3d 69 (2nd Cir.1994); United States v. Cochran, 17 F.3d 56 (3rd Cir.1994); United States v. Schmeltzer, 20 F.3d 610 (5th Cir.1994), United States v. Burian, 19 F.3d 188 (5th Cir.1994); United States v. Brown, 25 F.3d 307 (6th Cir.1994).
 
 III
 
 8
 We next address Prytz's contention that the district court erred in rejecting his entrapment defense. We find no error. Entrapment occurs when (1)the government "induces" criminal behavior; (2)by a defendant who was not "predisposed" to commit the crime. See United States v. Osborne, 935 F.2d 32, 37-39 (4th Cir.1991); see also Gendron, 18 F.3d at 960. It is an affirmative defense as to which a defendant carries an initial burden of producing evidence of inducement "beyond a mere scintilla" in order to shift to the government any burden to prove predisposition. Osborne, 935 F.2d at 38. Critically, as the district court recognized, the defendant's "[p]roof of inducement requires more than proof of mere solicitation." 822 F.Supp. at 317, citing Osborne, 935 F.2d at 37-39.
 
 
 9
 We agree with the district court's conclusion, 822 F.Supp. at 316-319, that the government's conduct never crossed, nor even approached, the line between solicitation and inducement. The entrapment defense was therefore properly rejected as a matter of law.
 
 IV
 
 10
 We address finally Prytz's challenge to the legality of the "anticipatory" search warrant which allowed the government to search his house for the mailed pornographic materials almost contemporaneously with their delivery. Such a warrant, applied for before the materials were posted, was issued pursuant to a postal inspector's affidavit describing Prytz's conduct in ordering the materials.
 
 
 11
 The district court did not err in upholding the validity of the warrant's use in this case, and refusing to suppress the evidence it produced. In United States v. Goodwin, 854 F.2d 33 (4th Cir.1988), we held that where child pornography (contraband) "is on a sure course to its destination, as in the mail, prior issuance of a warrant is permissible." 854 F.2d at 36, quoting United States v. Hale, 784 F.2d 1465 (9th Cir.1986). The facts before the district court easily met the Goodwin requirement.[3]
 
 AFFIRMED
 
 
 [1]
 These four categories relate to forms of bestiality
 
 
 [2]
 18 U.S.C. Sec. 2252(a)(2) provides in relevant part: "Any person who--... knowingly receives [ ] any visual depiction that has been mailed [ ] in interstate commerce [ ], if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct ... shall be punished as provided in subsection(b)."
 
 
 [3]
 Prytz also vaguely suggests in his appellate brief the existence of an issue of the sufficiency of the evidence to find the requisite scienter. Appellee's Br. pp. 1, 14-15. The government rightly points out that this issue was not raised--indeed could not have been raised--in the district court, where proceedings were terminated before trial by the conditional guilty plea