law until September 30, 1996.  Second, the state of Michigan is under no obligation to update state-law violators on recent additions to federal law.  Finally, the pistol returned by the state was only one of three firearms found in Beavers's possession on November 20, 1997.  We therefore find Beavers's argument that § 922(g)(9) should not be applied to him because of the state of Michigan's lack of notice to be without merit.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

---

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0058P (6th Cir.)
File Name:  00a0058p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

        *v.*                                No. 99-1829

JEFFREY BEAVERS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-81410—Paul D. Borman, District Judge.

Argued:  December 7, 1999

Decided and Filed:  February 16, 2000

Before:  COLE and GILMAN, Circuit Judges; CARR,
District Judge.

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

―――――――――――

**COUNSEL**

**ARGUED:** R. Steven Whalen, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** R. Steven Whalen, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

―――――――――――

**OPINION**

―――――――――――

RONALD LEE GILMAN, Circuit Judge. This is an appeal from the district court's order denying Jeffrey Beavers's motion to withdraw his guilty plea and to dismiss his indictment for the possession of firearms in violation of 18 U.S.C. § 922(g)(9). Section 922(g)(9) prohibits a person previously convicted of "a misdemeanor crime of domestic violence" from possessing a firearm. Beavers argues that this section violates his due process rights under the Fifth Amendment because it does not require the government to prove, as an element of the offense, that he knew that his possession of a firearm was illegal. The district court rejected Beavers's ignorance-of-the-law defense. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

On December 23, 1998, Beavers pled guilty to the charge of possessing a firearm in violation of § 922(g)(9). As part of the factual basis underlying his plea, Beavers admitted that he had pled guilty in 1995 to a misdemeanor domestic assault charge. He further admitted that on November 20, 1997 he had possession of two pistols and a shotgun at his home in Lambertville, Michigan. At his change-of-plea hearing, Beavers made the following statement: "And I did have the three firearms at the time that--of the original Indictment, and-

―――――――――――

*prohibitum*, and requiring the government to prove that the defendant knew that his conduct was a crime would unduly reward those who plead ignorance of the law as a defense.

Based on the reasoning in *Baker* and *Meade*, and the majority opinion in *Wilson*, we conclude that Beavers's conviction on a domestic violence offense sufficiently placed him on notice that the government might regulate his ability to own or possess a firearm. As noted in *Baker* and *Meade*, domestic abuse is a well-known problem, and it should not surprise anyone that the government has enacted legislation in an attempt to limit the means by which persons who have a history of domestic violence might cause harm in the future. *Compare Lambert*, 355 U.S. at 229 (noting that the Los Angeles ordinance requiring felons to register was primarily a bookkeeping aid for law enforcement). When Beavers committed the domestic violence offense, he "removed himself from the class of ordinary and innocent citizens" who would expect no special restrictions on the possession of a firearm. *See Bostic*, 168 F.3d at 722. We therefore conclude that § 922(g)(9) is constitutional, even though it does not require the government to prove that the defendant had actual knowledge that his possession of a firearm was illegal.

**C. Section 922(g)(9) is constitutional as applied to Beavers**

Beavers also argues that § 922(g)(9) is unconstitutional as applied to the facts in the present case because the state of Michigan misled him by returning one of his pistols in July of 1996 without telling him about the future applicability of § 922(g)(9). The government initially argues that Beavers failed to preserve the issue for appeal. This is incorrect, however, because the district court stated "that the plea is made under 11(a)(2), which will allow him to appeal the constitutionality of the statute *and the application to him*." (Emphasis added.)

On the other hand, we agree with the government's position that Beavers's "as applied" argument lacks merit. First of all, § 922(g)(9) did not exist in July of 1996. It did not become

-[h]owever, I would like to add I didn't know that the law existed. Nevertheless, I am guilty of having the firearms."

On July 6, 1999, Beavers moved to withdraw his guilty plea and to dismiss the indictment on the ground that § 922(g)(9) violated his due process rights under the Fifth Amendment. At the hearing on Beavers's motion, the parties agreed that (1) in 1995, Beavers was placed on state probation for the misdemeanor offense of domestic assault, (2) a condition of the probation was that he was not allowed to possess a firearm while on probation, (3) Beavers was discharged from probation in 1996, (4) the state order prohibiting him from possessing firearms was no longer effective once he was discharged, (5) after Beavers was discharged, the state returned one of his pistols to him, (6) the pistol was returned in July of 1996, approximately three months before the effective date of § 922(g)(9), and (7) Beavers continued to have possession of the guns after September 30, 1996, the effective date of the federal statute. After considering the parties' arguments, the district court denied Beavers's motion.

Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the parties, with the approval of the district court, agreed that Beavers would enter a conditional guilty plea, reserving his constitutional issue for appeal. Beavers was then sentenced to a term of two months of incarceration, followed by two months of home confinement and two years of supervised release, and fined $2,000.

## II. ANALYSIS

### A. Standard of review

The main issue before the court is whether § 922(g)(9) is unconstitutional in light of the fact that it does not require the government to prove, as an element of the offense, that Beavers knew that his possession of a firearm was illegal. We review de novo a challenge to the constitutionality of a federal statute. *See, e.g., United States v. Brown*, 25 F.3d 307, 308 (6th Cir. 1994).

his conduct was subject to increased government scrutiny. Because it is not reasonable for someone in his position to expect to possess dangerous weapons free from extensive regulation, Baker cannot successfully claim a lack of fair warning with respect to the requirements of § 922(g)(8).

*Baker*'s rejection of the ignorance of the law defense is well-reasoned and highly persuasive on the similar issue before us.

The First Circuit has also addressed a challenge to § 922(g)(8), setting forth its analysis as follows:

[Defendant] nevertheless tries to bring his case within the *Lambert* exception by arguing that firearms possession is an act sufficiently innocent that no one could be expected to know that he would violate the law merely by possessing a gun. . . . But possession of firearms by persons laboring under the yoke of anti-harassment or anti-stalking restraining orders is a horse of a different hue. The dangerous propensities of persons with a history of domestic abuse are no secret, and the possibility of tragic encounters has been too often realized. We think it follows that a person who is subject to such an order would not be sanguine about the legal consequences of possessing a firearm, let alone of being apprehended with a handgun in the immediate vicinity of his spouse. . . . We therefore reject the appellant's contention that the statute, on its face, violates due process rights of notice.

*United States v. Meade*, 175 F.3d 215, 226 (1st Cir. 1999); *see Baker*, 197 F.3d at 220 (adopting the reasoning in *Meade*).

Although Chief Judge Posner's dissent in *Wilson* has a certain surface appeal, in the end it proves too much. He argues that the statute is *malum prohibitum*, "that is, it is not the kind of law that a lay person would intuit existed because the conduct it forbade was contrary to the moral code of his society." *Wilson*, 159 F.3d at 294. But the lack of intuitive wrongfulness is the hallmark of all laws that are *malum*

**B.  Section § 922(g)(9) is constitutional despite the fact that it does not require the government to prove that Beavers knew that his conduct was illegal**

Section § 922(g)(9) provides, in pertinent part, as follows: "It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to . . . possess . . . any firearm . . . ." The mens rea requirement for § 922(g)(9) is contained in § 924(a)(2), which states that "[w]hoever knowingly violates . . . [§ 922(g)(9)] shall be fined as provided in this title, imprisoned not more than 10 years, or both." In an analogous context, other circuits have held that the term "knowingly" only requires that the accused know that he possessed a firearm, not that he knew that such possession was illegal. *See United States v. Bostic*, 168 F.3d 718, 722-23 (4th Cir. 1999) (holding that, although the term "willfully" as used in parts of § 922 does have such a requirement, "knowingly" under § 924(a)(2) does not require the defendant to be aware that his conduct is illegal); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996) ("No circuit has extended the knowledge component of § 922 beyond the act of possession itself.").

Beavers acknowledges that ignorance of the law does not generally excuse criminal conduct. *See Cheek v. United States*, 498 U.S. 192, 199 (1991). He argues, however, that § 922(g)(9) is an exception because it is a highly technical statute that could ensnare individuals engaged in apparently innocent conduct. *See generally Lambert v. California*, 355 U.S. 225 (1957) (declaring unconstitutional a city ordinance that punished felons who failed to register with the police department, even if they had no knowledge of the requirement).

Relying upon the dissenting opinion in *United States v. Wilson*, 159 F.3d 280, 293 (7th Cir. 1998), and the case of *United States v. Emerson*, 46 F. Supp.2d 598 (N.D. Tex. 1999), Beavers argues that his indictment under § 922(g)(9) should have been dismissed as a violation of his due process

rights under the Fifth Amendment because he had no notice that his possession of a firearm was a federal offense. Beavers points out that prior to the effective date of the statute, a person convicted of a misdemeanor domestic violence offense was not prohibited from possessing firearms under § 922.

In *Wilson*, the Seventh Circuit held that § 922(g)(8) does not violate the Fifth Amendment. That subsection prohibits the possession of a firearm by anyone subject to a domestic restraining order, which is a companion provision to § 922(g)(9) in question here. The majority held that a person could "knowingly" violate § 922(g)(8) even if he did not know that his conduct was illegal. *See Wilson*, 159 F.3d at 293. In dissent, Chief Judge Posner wrote that the government should be required to show that the defendant knew that his act of possessing the firearms after the issuance of the restraining order was illegal. *See id*. at 296.

Chief Judge Posner, however, did not find that § 922(g)(8) violated the Fifth Amendment. Instead, he reasoned that it was a "linguistically permissible interpretation of the statute" to conclude that the government had to prove that the defendant knew that his conduct was a crime. *See id*. Based upon Chief Judge Posner's dissent, a district court in Texas held that § 922(g)(8) "is an obscure, highly technical statute with no mens rea requirement" that violates the Fifth Amendment. *See United States v. Emerson*, 46 F.Supp.2d 598, 613 (N.D. Tex. 1999); *but see United States v. Spruill*, 61 F. Supp.2d 587, 589 (W.D. Tex. 1999) (rejecting *Emerson*'s analysis and noting that three other circuit courts have found that § 922(g)(8) is constitutional despite not requiring actual knowledge of illegality).

In the recent case of *United States v. Baker*, 197 F.3d 211, 220 (6th Cir. 1999), this court addressed whether § 922(g)(8) violates a defendant's due process rights, concluding as follows:

The fact that Baker had been made subject to a domestic violence protection order provided him with notice that