IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11024
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL C. BARRETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-39-1

April 23, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael C. Barrett appeals his guilty-plea conviction of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). For the first time on appeal, Barrett argues that § 922(g)(9) was unconstitutionally vague on its face and as applied to him. In connection with this argument, Barrett also argues that his guilty plea was involuntarily entered and that the factual basis supporting his plea was insufficient.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barrett's claim is raised for the first time on appeal and is thus subject to review only for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); United States v. Lankford, 196 F.3d 563, 570 (5th Cir. 1999), cert. denied, 529 U.S. 1119 (2000). Under FED. R. CRIM. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. Calverley, 37 F.3d at 162-64. Barrett has not demonstrated that any "obvious" error occurred with respect to the constitutionality of § 922(g)(9), as several circuits have already held that the statute passes constitutional muster. See United States v. Beavers, 206 F.3d 706, 709-10 (6th Cir.), cert. denied, 529 U.S. 1121 (2000); United States v. Hutzell, 217 F.3d 966, 968-69 (8th Cir. 2000), cert. denied, ___ S. Ct. ___, 2001 WL 285845 (U.S. Mar. 26, 2001) (No. 00-7605); United States v. Hancock, 231 F.3d 557, 563-64 (9th Cir. 2000), petition for cert. filed (U.S. Mar. 26, 2001) (No. 00-9017); United States v. Mitchell, 209 F.3d 319, 322 (4th Cir.), cert. denied, 121 S. Ct. 123 (2000). Because there is no "obvious" error, there is no "plain error" with respect to the constitutionality of § 922(g)(9).** Barrett's other claims, which are dependent upon a finding by this court that § 922(g)(9) is unconstitutional, are also meritless. Barrett's conviction is thus

A F F I R M E D.

_____

**By so ruling, the court does not intend to imply that a future de novo review of the constitutionality of § 922(g)(9) is foreclosed.