**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony P. HOPPER, Defendant–
Appellant.**

No. 00–5289.

United States Court of Appeals,
Sixth Circuit.

Dec. 28, 2001.

Before RYAN and BATCHELDER,
Circuit Judges; and LAWSON, District
Judge.*

* The Honorable David M. Lawson, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

LAWSON, District Judge.

The defendant, Tony P. Hopper, challenges on appeal his conviction for unlawful possession of a firearm while subject to a court order prohibiting domestic violence contrary to 18 U.S.C. § 922(g)(8). The defendant claims that he was deprived of due process of law because he did not receive fair notice that the state domestic violence order issued against him prohibited his possession of firearms, and that the terms of the state court order did not comport with the requirements of the federal statute. We find that resolution of the defendant's due process argument is governed by our published decision in *United States v. Baker,* 197 F.3d 211 (6th Cir.1999), and that the state domestic violence order was sufficiently explicit to satisfy 18 U.S.C. § 922(g)(8)(C)(ii). We therefore affirm.

I.

On May 5, 1998, the defendant, Tony P. Hopper, attended a hearing in the Bell County, Kentucky District Court which resulted in the issuance of an order known in Kentucky as a Domestic Violence Order. The order named Tony Preston Hopper as the respondent and identified his wife, Rhonda Yvonne Hopper, as the petitioner. The order required:

> That the above-named Respondent is restrained from any contact or communication with the above-named Petitioner;
> that Respondent shall remain at all times and places at least 200 feet away from Petitioner and members of Petitioner's family or household;
> That the above-named Respondent be restrained from committing further acts of domestic violence and abuse.

J.A. at 34. In addition, the order contained language which informed that "[p]ursuant to 18 U.S.C. § (section) 922(g), it is a federal violation to purchase, receive or possess a firearm while subject to this order." J.A. at 35. Hopper claims never to have been served with a copy of the order, and claims ignorance of its terms, although he acknowledges that he was aware that the order was entered.

On December 5, 1998, Hopper filled out an application to purchase a firearm from the Earle Gun and Pawn Shop in Middlesboro, Kentucky. On the application, Hopper averred that he was not subject to a court order restraining him from harassing an intimate partner. The National Instant Criminal Background Check System (NICS) did not immediately respond to Hopper's application, so he was allowed to purchase two pistols after three business days elapsed. On December 11, 1998, Hopper completed a second application to purchase a rifle from the Earle Gun and Pawn Shop, again denying that he was subject to a domestic violence order. The purchase was completed, but the next day the NCIS informed the shop's proprietor that the defendant was the subject of a domestic violence order. In February, 1999, the shop proprietor informed the defendant that agents from the Bureau of Alcohol Tobacco and Firearms had inquired about his gun purchases. Thereafter, the defendant returned the two pistols, but not the rifle.

Subsequently, during a search of the defendant's residence, agents found four firearms, including the rifle which the defendant had purchased, and ammunition. On September 23, 1999, Hopper was named in an eight-count indictment for unlawfully possessing firearms and falsely representing that he was not the subject of a domestic violence order. Hopper filed a motion to dismiss the indictment on grounds similar to those asserted in this court. A magistrate judge filed a report and recommendation concluding that the

motion should be denied. After a hearing, the district judge overruled Hopper's objections, adopted the report and recommendation, and denied the motion to dismiss. Hopper then entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion to dismiss the indictment.

The defendant has filed a timely notice of appeal.

## II.

We review the lower court's conclusions of law, which are the subject of this appeal, *de novo*. *See United States v. Brown*, 25 F.3d 307, 308 (6th Cir.1994).

### A.

The defendant contends that the district court erred in finding that Hopper's due process rights were not abridged by the lack of notice that gun possession by him violated federal law. He states that he never received a copy of the Domestic Violence Order, no one read the notice to him which warned that possession of a firearm while subject to the Domestic Violence Order constituted a federal crime, and that his low I.Q. excused his alleged ignorance of the law. The defendant points to two federal district court decisions and Chief Judge Posner's dissent in a Seventh Circuit Court of Appeals decision to support his due process argument. *See United States v. Wilson*, 159 F.3d 280, 293 (7th Cir.1998) (Posner, C.J., dissenting); *United States v. Emerson*, 46 F.Supp.2d 598 (N.D.Tex.1999) *rev'd*, 270 F.3d 203 (5th Cir. Oct.16, 2001); *United States v. Ficke*, 58 F.Supp.2d 1071 (D.Neb. 1999).

These same arguments were presented to and rejected by this court in *United States v. Baker, supra*. After considering the two district court opinions and Judge Posner's dissent, we concluded:

> [E]ven had Baker not received direct notice of his firearms disability, his prosecution under § 922(g)(8) would still not have resulted in a violation of his due process rights. The fact that Baker had been made subject to a domestic violence protection order provided him with notice that his conduct was subject to increased government scrutiny. Because it is not reasonable for someone in his position to expect to possess dangerous weapons free from extensive regulation, Baker cannot successfully claim lack of fair warning with respect to the requirements of § 922(g)(8).

197 F.3d at 230.

The defendant has not provided any good reason to distinguish the holding in *Baker*. In fact, we reaffirmed the holding in *Baker* against an identical challenge in *United States v. Napier*, 233 F.3d 394 (6th Cir.2000). We subsequently reaffirmed *Baker*'s rationale in *United States v. Beavers*, 206 F.3d 706 (6th Cir.2000), when we upheld a prosecution under 18 U.S.C. § 922(g)(9) against a similar challenge. "A fundamental principal of this court is that '[a] panel ... cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.'" *United States v. Ables*, 167 F.3d 1021, 1027 (6th Cir.1999). We see no basis to depart from the reasoning or result of the *Baker* panel, and we shall therefore follow it here.

### B.

Title 18, U.S.C. § 922(g)(8) states that among those prohibited from possessing a firearm is a person:

> "who is subject to a court order that -

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child or such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C) (i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . . .

18 U.S.C. § 922(g)(8).

Hopper contends that the Domestic Violence Order entered against him, specifically the language restraining him "from committing further acts of domestic violence and abuse," does not meet the statutory requirements because it does not "explicitly prohibit[ ] the use, attempted use, or threatened use of force" against his partner.

■ We disagree. Although "domestic violence and abuse" is language which may contemplate a broader range of activity than physical assault, we believe that the language is sufficiently explicit so as to include actual, attempted and threatened physical force within its meaning. "Violence" is defined as "[t]he exercise of physical force so as to inflict injury on, or cause damage to, persons or property; action or conduct characterized by this; treatment or usage tending to cause bodily injury or forcibly interfering with personal freedom." *The Compact Oxford English Dictionary* at 2238 (2d ed.1991). This defini-

tion neatly tracks the statutory language, leading ineluctably to the conclusion that "violence" is an appropriate and ready short-hand term for the terminology actually used by Congress. Another court has found that the less explicit terminology, "shall refrain from abusing," satisfies the statute. *United States v. Bostic,* 168 F.3d 718, 721–22 (4th Cir.1999).

The government suggests that the phrase, "domestic violence and abuse," is a statutorily-defined term of art in Kentucky jurisprudence. The state statute defines that term as "physical abuse, assault, or the infliction or fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple." Ky. Rev.Stat. Ann. § 403.720(1) (Michie 1999). This statutory definition is not incorporated into the domestic violence order by reference. However, we find it unnecessary to look to the state statute for assistance because the language of the order itself satisfies the requirements of 18 U.S.C. § 922(g)(8)(C)(ii) on its own.

### III.

We find no reason in this case to depart from our prior holding in *United States v. Baker, supra,* nor do we find the underlying Domestic Violence Order statutorily deficient. Accordingly, the decision of the lower court denying the defendant's motion to dismiss the indictment is

AFFIRMED.