NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0406n.06

No. 21-4205

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 14, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| DUSTIN NAIDA, | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; DONALD and MURPHY, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Defendant-Appellant Dustin Naida was convicted of receipt and distribution of child pornography. The District Court sentenced him to 96 months' imprisonment. Naida now appeals his conviction, arguing that there was insufficient evidence to support it because the Government failed to show that he knowingly possessed the prohibited images, and challenges the reasonableness of his sentence. For the foregoing reasons, we affirm Naida's conviction.

**I.**

**A. Factual Background**

On April 14, 2017, Detective Joshua Seney conducted an undercover download of 171 images of child pornography from IP address 71.72.101.64[1] in Northwest Ohio. These images

---

[1] There is a discrepancy noted in the IP address. The last two digits of the one cited in R. 64, PageID 522 is 71.72.101.61 but the IP address cited in the briefs and throughout the trial record ends is 71.72.101.64.

contained depictions of prepubescent female minors, in various stages of nudity, including images of female genitalia. Within the 171 downloaded image files was the name "Sandra," which Seney said he had seen in other child pornography investigations. Records obtained from Charter Communications later revealed that Dustin Naida was the subscriber for IP address 71.72.101.64 and that he had obtained service at 891[2] East Riverview Avenue, Apartment 23 from October 22, 2015 to September 26, 2017, with a username of "rabidwolf43545@yahoo.com."

On June 9, 2017, two days after obtaining the records, Seney consulted and partnered with Special Agent Steven Snyder to begin investigating Naida. As part of the investigation, Seney and Snyder traveled to 891 East Riverview, Apartment 23, to obtain a detailed description of the property for a search warrant. Seney conducted a passive scan for wi-fi access outside of Apartment 23 but did not identify any open wi-fi access points.

On June 26, 2017, when Seney, Agents from the U.S. Secret Service, and the Napoleon Police Department arrived at Apartment 23 to execute the search warrant, they discovered that Naida had relocated to Apartment 5B of a different apartment complex - approximately a half mile away. When the investigators arrived at Apartment 5B, Naida answered the door and provided consent to enter. Seney testified that Naida also consented to a search of his laptop (which was in plain view), an external hard drive connected to his Xbox gaming system, and a Dragon Touch Tablet. Seney found files on the laptop labeled "Sandra[,]" which were consistent with the initial peer-to-peer file investigation. Naida was not arrested that day, but his laptop and other devices were confiscated.

---

[2] There is also a discrepancy regarding Naida's address. R. 64, PageID 676 says the address is 891 East Riverview but PageID 678 and 690 says that the address is 892 East Riverview.

A subsequent forensic examination of the laptop revealed a user account for "Dustin," which contained remnants of child pornography images and was linked to two email addresses, "rabidwolf43545" and "Dustinmnaida," which were later connected to Naida's financial and social media accounts. Seney also found (1) 197 thumbnail child pornography images, (2) a zip LNK file named "Sandra," and (3) the name "Sandra" in the search history of Seney's laptop. In addition, the examination showed that in early June 2017 someone used Naida's laptop to access his financial accounts within minutes of searching for child pornography. Upon presenting some of this evidence at trial, the jury chose to convict Naida.

**B. Procedural History**

At the close of the prosecution's case, Naida moved for judgment of acquittal on both counts under Federal Rule of Criminal Procedure 29. The Government opposed. The district court reserved its ruling and submitted the case to the jury. On February 13, 2020, the jury convicted Naida on both counts. On April 13, 2020, Naida again moved for judgment of acquittal on both counts under Rule 29 of the Federal Rules of Criminal Procedure, arguing that there was insufficient evidence to sustain a conviction on either count. The district court denied the motion on Count 1 (receipt and distribution of child pornography) but granted it on Count 2 (possession of child pornography). With regard to Count 2, the district court reasoned that because the external drive that contained the actual images was never recovered and there was no evidence that Naida used the required specialized forensic software to access the thumbnail cache, the guilty verdict for possession of child pornography must be vacated.

Naida's presentence report found that he had a criminal history category of I, which resulted in a recommended sentencing range of 188 to 235 months' imprisonment. In fashioning Naida's sentence, the district court declined to apply a four-level enhancement for the 197 total

images associated with Count 2 because it had vacated Count 2. Instead, it applied only a three-level adjustment for the 171 images solely involved in Count 1. Consequently, the district court determined that Naida had a total offense level of 35 and a criminal history category of I, which resulted in a sentencing range of 168 to 210 months.

Naida requested the statutory minimum sentence of 60 months imprisonment, but the Government opposed and argued for a within-Guidelines sentence. The district court considered Naida's military service, the fact that he was honorably discharged, and his lack of criminal history as mitigating factors, and decided to vary downward by 72 months to impose a 96-month sentence.

Naida now appeals his conviction for Count 1, arguing that there was insufficient evidence to support a conviction for receiving and distributing child pornography because the Government failed to show that he knowingly possessed the prohibited images and that his sentence is procedurally and substantively unreasonable.

## II.

### A. Naida Knowingly Received and Distributed Child-Pornography

We review *de novo* the district court's judgment denying Naida's motion for acquittal on Count 1. *United States v. Blanchard*, 618 F.3d 562, 574 (6th Cir. 2010). In reviewing Naida's challenge to the sufficiency of the evidence, we "view[ ] the evidence in the light most favorable to the prosecution" and must affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Washington*, 715 F.3d 975, 979 (6th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We afford the same weight to both circumstantial and direct evidence. *See United States v. Graham*, 622 F.3d 445, 448 (6th Cir. 2010) (citing *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985)). Thus,

"[c]ircumstantial evidence alone is sufficient to sustain a conviction." *United States v. Blackwell*, 459 F.3d 739, 760 (6th Cir. 2006).

Naida argues that the Government failed to prove that he was aware of the images on his laptop, and thus, knowingly possessed child pornography.

To convict Naida under 18 U.S.C. § 2252(a), the Government must prove that he "[was] aware that his receipt of the illegal images 'is practically certain to follow from his conduct.'" *United States v. Ogden*, 685 F.3d 600, 604 (6th Cir. 2012) (quoting *United States v. Schwarte*, 645 F.3d 1022, 1032-33 (8th Cir. 2011)); *see also United States v. Brown*, 25 F.3d 307, 309-10 (6th Cir. 1994) (explaining that the defendant must have known that the material was child pornography).

Here, the government presented sufficient evidence to conclude beyond a reasonable doubt that Naida knowingly received the child pornography images. Seney's undercover download revealed that 171 child pornography images had been downloaded by someone using Naida's IP address and that those images included images of "Sandra," which depicted partially or fully nude photos of prepubescent girls' genitalia. According to Seney, in order to access child pornography, one would need to consent to an agreement to use the dark network. A BitTorrent user also received notices "advis[ing] [them]" on how to reshare files acquired from the network. [R. 64, PageID 530-33.]

In addition, Naida's laptop search history, which revealed the name "Sandra," his user account "Dustin," which was linked to his social media and financial accounts, and other child pornography search terms used (in one instance soon after logging into Naida's financial accounts), provide sufficient evidence for a jury to infer that Naida was "aware" of his receipt of illegal images. Moreover, if that isn't enough, the hidden folder containing remnants of the child

pornography would also lead a reasonable juror to infer that Naida was aware that the images were on the laptop. Thus, we affirm Naida's conviction for knowingly receiving and distributing child pornography.

**B.  Naida's Sentence is Procedurally and Substantially Reasonable.**

Sentences imposed by the district court are reviewed for reasonableness, and only a procedurally erroneous or substantively unreasonable sentence will be set aside. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The reasonableness analysis has both a procedural and substantive component. *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007). In conducting its review, an appellate court should ensure that the district court committed no significant procedural error and then consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. *United States v. Smith*, 516 F.3d 473, 476 (6th Cir. 2008).

Generally, a district court procedurally abuses its sentencing discretion if it "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "Sentences within a defendant's Guidelines range are presumptively substantively reasonable, a presumption that naturally extends to sentences below the Guidelines range." *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). Further, our task "is not to pick the sentence that we would prefer (whether higher or lower), but only to ensure that the sentence chosen by the district court fell within its broad range of reasoned discretion." *United States v. Lynde*, 926 F.3d 275, 283 (6th Cir. 2019).

1.   Procedurally Reasonable

Naida argues that the district court abused its discretion when it applied various enhancements that increased his adjusted offense level by four levels.

In determining Naida's sentence, the district court considered the sentencing factors under 18 U.S.C. § 3553(a).  Section 3553 outlines numerous considerations that the district court must take into account when formulating a sentence.  18 U.S.C. § 3553.  Specifically, § 3553(a) provides that when crafting a sentence, "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Code goes on to state that in determining the particular sentence to be imposed, the court shall consider:

> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   The need for the sentenced imposed—
>   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) To afford adequate deterrence to criminal conduct;
>   (C) To protect the public from further crimes of the defendant; and
>   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
>
> …

*Id*. § 3553(a)(1)-(2).

With regard to enhancements, in accord with the Sentencing Commission, the district court supported a base offense level of 22 for computer material involving prepubescent minors. However, the district court explained that enhancements, beyond those for computer use and prepubescent minors, resulted in a Guidelines range that inadequately distinguished Naida from other defendants.  Although Naida argued for the 60-month mandatory minimum sentence, the district court explained that it was not appropriate given that his conduct was "among the most

serious that comes before the court" and that it "[had] to send a message" that when people "dabble in this dark art and these dark places in terms of downloading these images, there will be severe consequences . . . ." [R. 93, PageID 1274-75.] However, considering Naida's lack of criminal history and successful history with the military, the district court decided to vary downward, by 72 months, to impose a 96-month sentence that was below the Guidelines range.

There are no facts to indicate that the district court failed to calculate the Guidelines range, treated the Guidelines as mandatory, or selected a sentence based on clearly erroneous facts. *Gall*, 552 U.S. at 51. And nothing about the computer-use or prepubescent-minor enhancements are unreasonable because the offense involved a laptop and images of partially or fully nude prepubescent minors. As such, we do not find that Naida's sentence is procedurally unreasonable.

2. Substantively Unreasonable

Naida contends that the district court also erred in its evaluation of the § 3553(a) factors and thus, the sentence imposed is substantively unreasonable.

When reviewing a sentence for substantive reasonableness, this Court is required to conduct an "[inquiry] into . . . 'the length of the sentence' and the 'factors evaluated . . . by the district court in reaching its sentencing determination.'" *United States v. Herrera-Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009) (quoting *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007)).

Here, as discussed *supra*, the district court explained why it rejected Naida's request for the mandatory minimum sentence. When sentencing Naida, the district court also considered the individual characteristics of the defendant, namely his military service and lack of criminal history. Thus, contrary to Naida's argument, the court did not fail to appropriately evaluate the § 3553 factors in crafting a sentence that comports with the statutory sentencing goals.

Accordingly, we find that the district court's imposition of a 96-month sentence, which was 72-months below the advisory Guideline range, was sufficient but not greater than necessary to serve the statutory sentencing purposes, and we affirm the decision of the district court.

**III.**

We affirm.